**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| HON HAI PRECISION INDUSTRY CO. LTD. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-civ-7900 (SAS) |
| WI-LAN INC. | ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) ) ) | |

**DEFENDANT WI-LAN INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS HON HAI PRECISION INDUSTRY CO. LTD.'S COMPLAINT
OR, IN THE ALTERNATIVE, TO STAY**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 5

    I.    Factual Background ......................................................................... 5

        A.    The V-Chip Agreement ............................................................ 5

        B.    Hon Hai's Failure to Pay Royalties and Breach of the V-Chip Agreement .......................................................................... 6

    II.    Procedural Background .................................................................... 7

        A.    Wi-LAN International Files Suit to Enforce the V-Chip Agreement ............................................................................... 7

        B.    Hon Hai Commences a Campaign to Transfer the Florida Action to New York. ............................................................... 8

ARGUMENT .............................................................................................................. 8

    I.    Hon Hai's Claims Should Be Dismissed in Favor of the First-Filed Florida Action. ................................................................................. 8

    II.    Hon Hai's Claims Should Be Dismissed under Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction. ............................ 10

        A.    Applicable Jurisdictional Standard for Declaratory Judgment Claims ..................................................................... 10

        B.    Hon Hai's Claims Should be Dismissed Because Assert Federal Defenses to a State Law Claim .................................... 12

        C.    Hon Hai's Patent Claims (Claims 1, 2 and 3) Should be Dismissed Because an Adjudication of these Claims will not Conclusively Resolve the Parties' Dispute ....................... 13

        D.    Hon Hai's Claim for a Declaration of Non-Breach (Claim 4) Should be Dismissed Because it does not Raise a Federal Question. .................................................................................. 13

    III.    Hon Hai's Claims Should Be Dismissed under Fed. R. Civ. P. 12(b)(6) Because They Fail to State a Claim. ................................ 14

    IV.    In the Alternative, Hon Hai's Claims Should Be Stayed Pending the Resolution of the First-Filed Florida Action. ............................ 18

CONCLUSION ......................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ABB, Inc. v. Cooper Indus., LLC,*
    635 F.3d 1345 (Fed. Cir. 2011) .........................................................................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..........................................................................................................18

*Battery Solutions, Inc. v. Terralpha Indus., Inc.,*
    No. 12-10738, 2012 WL 2524289 (E.D. Mich. Jun. 29, 2012)..........................................9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................................................15

*Benitec Austl., Ltd. v. Nucleonics, Inc.,*
    495 F.3d 1340 (Fed. Cir. 2007) .........................................................................................10

*Broder v. Cablevision Sys. Corp.,*
    418 F.3d 187 (2d Cir. 2005) ..............................................................................................15

*Cat Tech LLC v. TubeMaster, Inc.,*
    528 F.3d  871 (Fed. Cir. 2008) ..........................................................................................19

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,*
    511 F.3d 535 (6th Cir. 2007) ...............................................................................................9

*Christianson v. Colt Indus. Op. Corp.,*
    486 U.S. 800 (1988) .....................................................................................................11, 12

*Finisar Corp. v. JDS Uniphase Corp.,*
    No. 08-3388, 2009 WL 801526 (N.D. Cal. Mar. 25, 2009)...............................................13

*Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust,*
    463 U.S. 1 (1983).................................................................................................................11

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,*
    545 U.S. 308 (2005).............................................................................................................14

*Innovative Therapies, Inc. v. Kinetic Concepts Inc.,*
    599 F.3d 1377 (Fed. Cir. 2010), *cert denied*, 131 S. Ct. 424 (2010) ................................11, 16

*Jim Arnold Corp. v. Hydrotech Sys., Inc.,*
    109 F.3d 1567 (Fed. Cir. 1997), *cert denied* 522 U.S. 933 (1997)....................................12, 14

*Kahn v. Gen. Motors Corp.,*
    889 F.2d 1078 (Fed. Cir. 1989) ...........................................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)............................................................................................................14

*Linzer Prods. Corp. v. Sekar,*
    499 F.Supp.2d 540 (S.D.N.Y. 2007).................................................................................17

*Luckett v. Delpark, Inc.,*
    270 U.S. 496 (1926)...........................................................................................................14

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000) ........................................................................12

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ...................................................................15

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ............................................................................11, 13

*Nat'l Equip. Rental v. Fowler, Ltd.*
287 F.2d 43 (2d Cir. 1961) ..........................................................................10

*Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Int'l Wire Group, Inc.*,
No. 02-cv-10338, 2003 WL 21277114 (SDNY Jun. 2, 2003).....................9, 17, 19

*Orion Elec. Co., Ltd. v. Funai Elec. Co., Ltd.*,
No. 01-3501, 2002 WL 377541 (S.D.N.Y. Mar. 11, 2002) ...................17

*Prasco, LLC v. Medicis Pharm. Corp.*,
537 F.3d 1329 (Fed. Cir. 2008) ...................................................................11

*Pub. Serv. Comm'n of Utah v. Wycoff Co.*,
344 U.S. 237 (1952) ......................................................................................11

*Regions Bank v. Wieder & Mastroianni, P.C.*,
170 F. Supp. 2d 436 (S.D.N.Y. 2001)...........................................................9

*Skelly Oil Co. v. Phillips Petroleum Co.*,
339 U.S. 667 (1950) ......................................................................................11

*Sotheby's Inc., v. Minor*,
No. 08 Civ. 7694, 2009 U.S. Dist. LEXIS 3509 (S.D.N.Y. Jan. 6, 2009) ...............9

*Verance Corp. v. Digimarc Corp.*,
No. 10-831, 2011 WL 2182119 (D.Del. Jun. 2, 2011) ...........................13

*Whitserve, LLC v. GoDaddy.com, Inc.*,
No. 3:11-cv-948, 2011 WL 5825712 (D.Conn. Nov. 17, 2011)............16

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) ......................................................................................18

*Wireless Ink Corp. v. Facebook, Inc.*,
787 F.Supp.2d 298 (S.D.N.Y. 2011)............................................................16

*Wolff v. Rare Medium, Inc.*,
210 F.Supp.2d 490 (S.D.N.Y. 2002).............................................................18

**Statutes**

28 U.S.C. § 1331..................................................................................................14

28 U.S.C. § 2201(a) .............................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(1)...........................................................................i, 4, 11, 12

iii

Fed. R. Civ. P. 12(b)(6)................................................................................passim

Fed. R. Civ. P. 8(a)(2)..................................................................................15

This memorandum of law is respectfully submitted by Defendant Wi-LAN Inc. ("Wi-LAN") in support of its Motion to Dismiss Plaintiff Hon Hai Precision Industry Co. Ltd.'s ("Hon Hai") Complaint ("Complaint" or "Compl.") or, in the Alternative, to Stay proceedings in this action pending resolution of an earlier filed action pending before the Southern District of Florida ("Florida Action").[1]

## PRELIMINARY STATEMENT

Hon Hai's Complaint goes through great lengths to suggest that Hon Hai and Wi-LAN are locked in a live dispute over whether Hon Hai is infringing Wi-LAN's U.S. Patent No. 5,828,402 ("the '402 Patent") and whether the '402 Patent is invalid or unenforceable. But in fact, no such dispute exists. The actual dispute between the parties centers on Hon Hai's breach of a license agreement relating to sales of "V-Chip Receivers" (the "V-Chip Agreement") (Decl. Ex. B) (filed under seal) and is the subject of a litigation that was filed in Florida *nearly one month before* Hon Hai brought this case.[2] The Florida Action alleges essentially the inverse of Hon Hai's claim here: here, Hon Hai alleges that it is not obligated to pay royalties under the V-Chip Agreement, and the complaint in the Florida Action alleges Hon Hai is obligated to pay royalties under the Agreement. *See* Am. Compl., Florida Action, Dkt. 16 ¶¶ 19-26 (Nov. 21, 2012) (Decl. Ex. C) Thus, although Hon Hai would have the Court believe it filed its present declaratory judgment action in anticipation of an impending patent suit by Wi-LAN, it actually

---

[1] *Wi-LAN Int'l Taiwan, Inc. v. Hon Hai Precision Indus. Co., Ltd.,* No. 12-27589 (Broward Cnty. Cir. Ct., Fla. filed Oct. 1, 2012). The suit was subsequently removed on October 24, 2012. *See* Notice of Removal, *Wi-LAN Int'l Taiwan, Inc. v. Hon Hai Precision Indus. Co. Ltd.*, No. 12-cv-62097-WPD [Dkt. 1] (S.D.Fla. Oct. 24, 2012). *See* Notice of Removal, attached as Exhibit A to Decl. of Armita S. Cohen in Support of Wi-LAN's Motion to Dismiss Plaintiff Hon Hai Precision Industry Co. Ltd.'s Compliant, or in the Alternative, to Stay ("Declaration" or "Decl."*)*. Wi-LAN will refer to both actions collectively as the "Florida Action" in this memorandum. Citations to the docket in the Florida Action will refer to the docket in the Southern District of Florida.

[2] Exhibits to the Declaration will be cited to as "Decl. Ex. [Exhibit number]".

filed its claims in response to an existing lawsuit regarding its obligations under the V-Chip Agreement, in a blatant effort to change the forum for litigating the parties' licensing dispute.

The Florida Action was filed against Hon Hai in Florida state court on October 1, 2012 by Wi-LAN's subsidiary, Wi-LAN International Taiwan, Inc. ("Wi-LAN International"), which is the assignee of the rights held by the counterparty that originally entered into the V-Chip Agreement with Hon Hai. After the Florida Action was filed, Hon Hai filed a Notice of Removal with the Southern District of Florida ("Florida Court"). Hon Hai's removal petition asserted that Wi-LAN International's state law breach of contract claim is nonetheless subject to federal subject matter jurisdiction because, allegedly, the V-Chip Agreement applies only to V-Chip Receivers that infringe the '402 Patent. (Decl. Ex. A at ¶¶ 16–17). Wi-LAN International subsequently moved to remand the Florida Action to state court, on the grounds that the well-pleaded allegations of its complaint did not raise a federal question. *See* Plaintiff Wi-LAN Int'l Taiwan Inc.'s Mot. to Remand to State Court and Supp. Memo. of Law (Decl. Ex. D), and Reply in support thereof (Decl. Ex. F). The motion to remand the Florida Action to state court has been fully briefed and is pending before the Florida Court.[3]

After removing the Florida Action to federal court, Hon Hai also filed a motion to transfer venue from the Southern District of Florida to this Court. *See* Florida Action, Dkt. 26. Hon Hai's transfer motion does not allege that any relevant documents or witnesses are located in New York or that the V-Chip Agreement was negotiated or is to be performed in New York. *Id.* Rather, Hon Hai wrongly argues that transfer is warranted because the V-Chip Agreement contains a permissive forum selection clause that gives *Wi-LAN International, not Hon Hai*, the

---

[3] With this motion, Wi-LAN has enclosed copies of the parties' briefing on the motion to remand pending in the Southern District of Florida. *See* Decl., Exs. D, F, Defendant Hon Hai Precision Indus. Co., Ltd.'s Opposition to Motion to Remand to State Court ("Opp.") (Decl. Ex. E) (filed under seal).

option to bring an action on the V-Chip Agreement in New York, and the fact that the Agreement is governed by New York law. *Id.* Hon Hai's transfer motion will be fully briefed on January 14, 2013.

Contemporaneously with the actions described above, Hon Hai filed the present action seeking a declaration that its V-Chip Receivers do not infringe the '402 Patent, that the '402 Patent is invalid and unenforceable, and that it is not in breach of the V-Chip Agreement. These claims closely resemble the arguments that Hon Hai has made in its Notice of Removal and in its opposition to Wi-LAN's motion to remand in the Florida Court, and presumably will be asserted as substantive defenses when the Florida Action proceeds on the merits. *See* Decl. Ex. A, ¶¶ 17-18; Decl. Ex. E at 1, 3.

Considering all of the foregoing, the conclusion is inescapable that Hon Hai filed its Complaint in this action to bolster its argument in the Florida Action that federal subject matter jurisdiction exists over the parties' contract dispute, and to support its transfer motion, as Hon Hai apparently believes its arguments will be viewed more favorably in this Court.[4]  For the reasons explained below, Hon Hai's blatant attempt at forum shopping should be rejected.

***Hon Hai's claims should be dismissed in favor of the first-filed Florida Action.***  Hon Hai's claims should be dismissed because they arise out of the same licensing dispute that is the subject of the Florida Action. The complaint in the Florida Action seeks royalties for Hon Hai's sales of V-Chip Receivers pursuant to the V-Chip Agreement, Decl. Ex. C at ¶ 33, and Hon Hai

---

[4] Hon Hai initially sought to have this action assigned to Judge Kaplan because Judge Kaplan had previously presided over an unrelated action between Wi-LAN and a third party regarding the patent (the "LG Action"). The LG Action has no bearing on Hon Hai's obligations under the V-Chip Agreement, and the Court properly declined to refer the case to Judge Kaplan after concluding that this action and the LG Action are not similar.  *See* docket entry in this matter titled "Case Declined as Not Similar" (Nov. 5, 2012).  Hon Hai is nonetheless still seeking to transfer the parties' dispute to this Court.

denies that any royalties are owed because it contends its products do not infringe the '402 Patent, Ex. A at ¶ 18.  Similarly, in this action, Hon Hai contends that it does not owe any royalties to W-LAN because its V-Chip Receivers do not infringe the '402 Patent and/or the '402 Patent is invalid or unenforceable.  Compl. ¶¶ 17-18.  The Florida Court will also decide whether the complaint in the Florida Action necessarily implicates federal law so as to confer federal subject matter jurisdiction over the parties' dispute, and it will decide whether the parties' claims and defenses should be litigated in Florida or New York (assuming federal jurisdiction exists). Federal courts have consistently dismissed second-filed actions, particularly declaratory judgment actions, absent exceptional circumstances that are not present here.  *See* Argument, Section I, *infra.*

**Hon Hai's claims must be dismissed for lack of federal jurisdiction under Rule 12(b)(1).**    Hon Hai's claims should further be dismissed for lack of jurisdiction because, in essence, they reflect Hon Hai's arguments in defense of why it has not breached the V-Chip Agreement.   The Court additionally lacks jurisdiction over Hon Hai's claim for "nonbreach" (Claim 4) because it does not raise a federal question.   Contract claims, including disputes under patent licenses, are state law claims that are not within this Court's jurisdiction.  *See* Argument, Section II, *infra.*

**Hon Hai's claims must additionally be dismissed under Rule 12(b) (6) because they fail to state a claim.**   Hon Hai's claims must further be dismissed because they allege bare legal conclusions that are insufficient to state a claim.  The Complaint's allegations are insufficient to provide a supporting basis for Hon Hai's claim as to whether Hon Hai has infringed the '402 Patent or that the '402 Patent is invalid or unenforceable.  Similarly, Hon Hai's claim for "non-breach" contains only a conclusory allegation that Hon Hai has not breached the V-Chip

4

Agreement, but no factual allegations regarding the particular provision(s) of the V-Chip Agreement that Hon Hai believes it has complied with and is asking the Court to interpret. This claim is additionally invalid because, as pled, it seeks a declaration of non-liability for alleged acts that took place in the past. *See* Argument, Section III, *infra*.

**Finally, in the alternative, Hon Hai's claims should be stayed pending resolution of the Florida Action**. Under the Declaratory Judgment Act, this Court's jurisdiction over Hon Hai's claims is discretionary. Federal courts have exercised their discretion to decline to hear declaratory judgment actions when a coercive action is pending that will resolve the dispute brought by the "real plaintiff" – here Wi-LAN and Wi-LAN International. Because the Florida Action will address the merits of the parties' *actual* dispute under the V-Chip Agreement, this Court should alternatively stay this action pending the outcome of that earlier filed case. Otherwise, both courts will needlessly expend resources deciding substantially the same dispute and arguments. *See* Argument, Section IV, *infra*.

## STATEMENT OF FACTS

### I.     Factual Background

#### A.     The V-Chip Agreement

The V-Chip Agreement was entered into by Wi-LAN V-Chip Corporation and Hon Hai, effective January 22, 2008. Compl. ¶ 9. Wi-LAN V-Chip Corporation has assigned its rights, including the rights to receive royalties, under the V-Chip Agreement to Wi-LAN International. *See* Letter from Wi-LAN to Hon Hai at 1 dated Jun. 6, 2012 (Decl. Ex. G) (cited in Compl. ¶ 15) (filed under seal). Wi-LAN is the successor in interest to Wi-LAN V-Chip Corporation and the owner by assignment of the '402 Patent. *See id.*; *see also* Compl. ¶ 8.

Under the V-Chip Agreement, Hon Hai received a license to make, export, sell or offer to

sell V-Chip Receivers in the United States.  Decl. Ex. B, § 2.1.  "V-Chip Receiver" is defined in the Agreement as follows:

> "V-Chip Receiver" *means any television receiver* (with or without a display) which utilizes any aspect of, or the use of which is within the scope of, the [′402] Patent *and, without limitation, a V-Chip Receiver is a receiver capable of*: (1) blocking programming in accordance with 47 CFR 15.120(e), as amended; and (2) receiving a transport stream, which includes program rating system information, such as, by way of example only and without limitation, an ATSC signal such as any digital television receiver, set-top box, DVD recorder, desktop or notebook computer or other digital products containing an ATSC tuner.

*Id.* at § 1.1 (emphasis added).  The V-Chip Agreement also requires Hon Hai to pay royalties and submit reports for Hon Hai's "models identified in Appendix 'A'" to the Agreement, including, without limitation, any V-Chip Receivers bearing model number "VW26L HDTV20F."  *Id.* at § 3.6 and Appendix A.  Thus, the Agreement requires Hon Hai to pay royalties for its V-Chip Receivers, provided that they either: (1) utilize or are within the scope of the '402 Patent; (2) are capable of blocking programing and receiving a transport stream as set forth in Section 1.1; or (3) correspond to any of the models listed in Appendix A.  *Id.* at §§ 3.1(a), 1.1, 3.6.

The V-Chip Agreement is governed by New York law.  *Id.* at 13.1.  Additionally, at Wi-LAN International's option, disputes arising under the V-Chip Agreement may, but are not required to be, litigated in New York state or federal court.  Wi-LAN International is free to enforce the V-Chip Agreement in any court that has jurisdiction over the parties.  *Id.*

B.   Hon Hai's Failure to Pay Royalties and Breach of the V-Chip Agreement

Since at least February 2011, the parties have been engaged in a dispute over Hon Hai's failure to pay royalties or submit royalty reports under the V-Chip Agreement.  *See* Compl. ¶¶ 8, 11.  On February 3, 2011, Wi-LAN sent Hon Hai a letter advising that Hon Hai's sales of V-Chip Receivers were inconsistent with its public filings.  *See* Compl. ¶ 8; Letter from Wi-LAN to Hon Hai dated Feb. 3, 2011 (Decl. Ex. H) (filed under seal) (cited in Compl. ¶ 8).  Wi-LAN's

letter further requested that Hon Hai conduct an internal audit and advise Wi-LAN if it had miscalculated its royalty payment obligations under the V-Chip Agreement.  *Id.*

On April 27, 2012, Hon Hai advised Wi-LAN of its position that it did not owe any royalties to Wi-LAN because its V-Chip Receivers did not infringe the '402 Patent because in the LG Action, the products of an unrelated third party were held not to infringe the '402 Patent. Compl. ¶ 14.  On June 6, 2012, Wi-LAN sent a letter to Hon Hai advising that Hon Hai had breached the V-Chip Agreement, including because it had failed to pay royalties owed under the V-Chip Agreement, or provide adequate royalty reports.  *See* Compl. ¶ 15; Decl. Ex. G.

## II.    Procedural Background

### A.    Wi-LAN International Files Suit to Enforce the V-Chip Agreement

Essentially, the parties are engaged in a contractual dispute over the proper interpretation of the definition of V-Chip Receiver under the V-Chip Agreement.  Wi-LAN contends that the V-Chip Agreement's plain terms do not limit Hon Hai's royalty obligations to products that are within the scope of the '402 Patent, and Hon Hai contends that the V-Chip Agreement's terms do not require it to pay royalties unless its products are covered by the '402 Patent, and that it additionally does not need to pay royalties because it believes the '402 Patent is invalid or unenforceable.

On October 1, 2012, Wi-LAN International filed a breach of contract action against Hon Hai in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.  *See* Decl. Ex. C at ¶ 1.  The Florida Complaint alleges that Hon Hai breached Sections 1.1 and 3.6 of the V-Chip Agreement by failing to submit royalty reports and make royalty payments for two categories of V-Chip Receivers: the models listed in Appendix A, *id.,* ¶ 20, and receivers capable of blocking programing and receiving transport streams as described in Section 1.1 of the V-

7

Chip Agreement, *id.,* ¶ 17.  Significantly, the Florida Complaint does not allege that Hon Hai breached any obligations under any provision of the V-Chip Agreement tied to the '402 Patent. In fact, Wi-LAN has not accused Hon Hai of infringing the '402 Patent.

       B.     <u>Hon Hai Commences a Campaign to Transfer the Florida Action to New York.</u>

After Wi-LAN International filed its complaint, Hon Hai commenced a series of actions targeted at transferring the Florida Action to this Court.  First, Hon Hai filed a Notice of Removal in the Florida Court, claiming that the court has federal subject matter jurisdiction over Wi-LAN's breach of contract claim because, allegedly, Wi-LAN's claim for breach of contract "necessitates a determination of patent infringement of whether Hon Hai's V-Chip Receivers infringe the '402 Patent and therefore raises a federal question that is sufficient to confer jurisdiction.  Decl. Ex. A at ¶ 17.

The very next day, Hon Hai filed this action, asserting declaratory judgment claims for noninfringement, invalidity, unenforceability and "nonbreach" of the V-Chip Agreement.  In its Complaint, Hon Hai alleges that it did not breach the V-Chip Agreement by failing to pay royalties thereunder because its products do not infringe the '402 Patent, the '402 Patent is invalid or is unenforceable.  Compl. ¶¶ 17-18.

Soon thereafter, Hon Hai filed a motion to transfer the Florida Action to this Court.  Hon Hai also filed a motion to dismiss the Florida Action for lack of personal jurisdiction.  Florida Action, Dkts. 25-26.

**ARGUMENT**

**I.     Hon Hai's Claims Should Be Dismissed in Favor of the First-Filed Florida Action.**

Hon Hai's claims in this case should be dismissed in their entirety because they raise substantially the same dispute that is being litigated in the Florida Action.  Federal courts have

consistently held that when two pending federal lawsuits involve substantially the same parties and dispute, the first-filed action takes priority absent special circumstances. *See Kahn v. Gen. Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir. 1989) (relying on Second Circuit precedent); *Sotheby's Inc., v. Minor*, No. 08 Civ. 7694 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 3509, at *3-4 (S.D.N.Y. Jan. 6, 2009); *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001).   Moreover, where, as here, one of the pending suits is a declaratory judgment action, and the other is a coercive action brought by the true plaintiff, courts have routinely dismissed the declaratory judgment action in favor of the coercive action. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Int'l Wire Group, Inc.,* No. 02-cv-10338, 2003 WL 21277114, *6 (S.D.N.Y. Jun. 2, 2003) (Scheindlin, J.); *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 535, 551-552 (6th Cir. 2007) (coercive action based on merits of dispute is preferential to, and should proceed over, related declaratory judgment action); *Battery Solutions, Inc. v. Terralpha Indus., Inc.,* No. 12-10738, 2012 WL 2524289, *5 (E.D. Mich. Jun. 29, 2012) (applying first to file rule in favor of coercive action filed before declaratory judgment action).   This is particularly true when the declaratory judgment action was "motivated by a desire to wrest the choice of forum from the real plaintiff." *Nat'l Union Fire,* 2003 WL 2127714, *6.

The factual allegations set forth in Hon Hai's Complaint make clear that Hon Hai's declaratory judgment claims arise out of the same licensing dispute that is the subject of the Florida Action.   In both actions, the ultimate dispute between the parties is alleged to be whether Hon Hai is obligated to pay royalties under the V-Chip Agreement. *Compare* Complaint, ¶¶ 9 – 17, 22, 34 *with* Decl. Ex. A at ¶¶ 13-18 *and* Decl. Ex. C at ¶¶ 16-26.   Additionally, in both actions, Hon Hai is asserting that it is not in breach of the V-Chip Agreement because its

products do not infringe the '402 Patent.  *See* Compl. ¶¶ 17, 22, 34; Decl. Ex. A ¶¶ 18.   The parties are engaged in a dispute in both actions as to whether federal subject matter jurisdiction exists over their dispute, and the proper venue for resolving their differences.  *See* Decl. Exs. D-F; Florida Action Dkt. 26.

Thus, the essential dispute raised by Hon Hai's Complaint in this action – whether it is obligated to pay royalties to W-LAN – will likely, if not certainly, be litigated in the Florida Action.  The Florida Court will make a determination as to whether the dispute under the V-Chip Agreement raises a federal question.  Either the Florida state court or the Florida federal court will construe the terms of the V-Chip Agreement and address Hon Hai's argument that it is not in breach because its products do not infringe the '402 Patent.  It would only waste judicial resources for this Court to also duplicate these issues here, *see Nat'l Equip. Rental v. Fowler*, *Ltd.* 287 F.2d 43, 46 (2d Cir. 1961), and create the potential for inconsistent rulings.

As the "party who first [brought the parties' dispute] into a court of competent jurisdiction[, Wi-LAN] should be free from the vexation of concurrent litigation over the same subject matter" and this Court should accordingly dismiss this action.  *Id.*, 287 F.2d at 46.  Hon Hai does not have a legitimate interest in proceeding with this action at this time, and clearly filed it for the sole purpose of upsetting Wi-LAN's choice of forum.  The Court should accordingly dismiss this action.

## II.   Hon Hai's Claims Should Be Dismissed under Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction.

### A.   Applicable Jurisdictional Standard for Declaratory Judgment Claims

As the plaintiff, Hon Hai bears the burden of establishing that subject matter jurisdiction exists at each stage of the case.  *Benitec Austl., Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1344 (Fed. Cir. 2007); *Innovative Therapies, Inc. v. Kinetic Concepts Inc.*, 599 F.3d 1377, 1382-84

(Fed. Cir. 2010), *cert denied*, 131 S. Ct. 424 (2010). Here, Hon Hai alleges that this Court has jurisdiction over its claims under the Declaratory Judgment Act, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* Compl. ¶ 4; 28 U.S.C. § 2201(a). It is well-settled, however, that the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. It provides a remedy only if a case is otherwise subject to federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1335 (Fed. Cir. 2008). Thus, for jurisdiction to lie over Hon Hai's action, each claim must present a "case" or "controversy" that is "justiciable under Article III" of the U.S. Constitution, *Prasco,* 537 F.3d at 1335. In other words, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

   To determine whether this standard has been satisfied in a declaratory judgment action, the Court must realign the parties and assess whether the Court would have jurisdiction over the hypothetical coercive action that the declaratory defendant might bring to enforce its rights with respect to the dispute set forth in Hon Hai's declaratory judgment action. *See ABB, Inc. v. Cooper Indus., LLC,* 635 F.3d 1345, 1349 (Fed. Cir. 2011) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237 (1952)); *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 19 (1983). Federal jurisdiction does not exist if the only federal issue is raised by the declaratory plaintiff in defense of the coercive action. *See, Christianson v. Colt Indus. Op. Corp.,* 486 U.S. 800, 809 (1988).

11

Finally, in considering Wi-LAN's Motion under Rule 12(b)(1), the Court may look to matters outside the pleadings and is not bound by the allegations of Hon Hai's Complaint. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

B.   Hon Hai's Claims Should be Dismissed Because Assert Federal Defenses to a State Law Claim

Here, there is no need for the Court to speculate about coercive action that Hon Hai would bring to enforce its rights with respect to the royalty dispute set forth in the Complaint; the coercive action was already filed in Florida *before* Hon Hai brought its claims in this Court. The Florida Complaint asserts a single claim for breach of contract, which is predicated on Hon Hai's failure to pay royalties only with respect to (1) V-Chip Receivers identified in Appendix A to the V-Chip Agreement, and (2) V-Chip Receivers capable of meeting the functional definition set forth in Section 1.1 of the V-Chip Agreement. *See* Decl. Ex. C at ¶¶ 17, 19-20. It does not allege that royalties are owed by Hon Hai because any of Hon Hai's V-Chip Receivers infringe the '402 Patent.

Indeed, the only party that has made this argument is Hon Hai, who has argued in defense of the Florida Action, and in this action, that it is not required to pay royalties under the V-Chip Agreement because the products it sold were not within the scope of the '402 Patent. *See* Decl. Exs. A, E; Compl. ¶¶ 17-18. Even if Hon Hai's patent-related defenses to the contract claim becomes the central dispute between the parties in the Florida Action, federal subject matter jurisdiction still would not lie over the parties' dispute. *See Rivet,* 522 U.S. at 475; *Christianson,* 486 U.S. at 809. The test for jurisdiction is whether *Wi-LAN's affirmative claim* presents a federal question. *See Jim Arnold Corp. v. Hydrotech Sys., Inc.,* 109 F.3d 1567, 1572 (Fed. Cir. 1997), *cert denied* 522 U.S. 933 (1997) ("if a patentee pleads a cause of action based on rights created by a contract . . . the case is not one 'arising under' the patent laws"). It does not, and

12

Hon Hai's action should accordingly be dismissed for lack of jurisdiction. *See Finisar Corp. v. JDS Uniphase Corp.,* No. 08-3388, 2009 WL 801526, *4 (N.D. Cal. Mar. 25, 2009) (dismissing declaratory judgment action where proposed complaint in hypothetical coercive action was based on state law claims and not federal law claims); *cf. Verance Corp. v. Digimarc Corp.*, No. 10-831, 2011 WL 2182119, *5 (D.Del. Jun. 2, 2011) (stating no federal question would exist over declaratory judgment action for invalidity or noninfringement if patentee filed breach of contract claim).[5]

      C.     <u>Hon Hai's Patent Claims (Claims 1, 2 and 3) Should be Dismissed Because an Adjudication of these Claims will not Conclusively Resolve the Parties' Dispute</u>

Claims 1, 2 and 3 should additionally be dismissed because the licensing dispute between the parties would not be conclusively resolved through these claims. A declaratory judgment action is appropriate only when it would conclusively determine the rights of the parties. *See MedImmune,* 549 U.S. at 127, n.7. A declaration that Hon Hai's products do not infringe the '402 Patent or the '402 Patent is invalid or unenforceable would not resolve the fundamental dispute between the parties – whether Hon Hai is obligated to pay royalties under the V-Chip Agreement. The parties' licensing dispute would continue, no matter the outcome of Hon Hai's patent claims. Claims 1, 2 and 3 must therefore be dismissed. *See Verance*, 2011 WL 2182119 at *7 (dismissing declaratory judgment action where finding of invalidity or noninfringement would not resolve dispute over royalty payments because licensee would still need to establish that license did not require payment in event of invalidity or noninfringement).

      D.     <u>Hon Hai's Claim for a Declaration of Non-Breach (Claim 4) Should be Dismissed</u>

---

[5] Moreover, in light of the fact that Wi-LAN International has sued Hon Hai solely for breach of contract and not infringement, Hon Hai has failed to establish that it faces a real and imminent threat of defending against a claim to enforce the '402 Patent as required by *MedImmune* and its progeny.

<u>Because it does not Raise a Federal Question.</u>[6]

The fact that the parties' dispute arises under a patent license agreement does not by itself confer federal jurisdiction over the Florida Action (or by extension this action). In fact, it is axiomatic that federal courts do not typically have jurisdiction over breach of contract actions, *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994), and that disputes arising under patent license agreements are subject to federal jurisdiction only if their terms explicitly turn on proof of patent infringement or validity. *See Luckett v. Delpark, Inc.,* 270 U.S. 496, 502 (1926); *Jim Arnold Corp.,* 109 F.3d at 1572; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("For federal jurisdiction to exist over a contract claim, the plaintiff's claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). As discussed above, and as Wi-LAN International has argued to the Southern District of Florida in its motion to remand, this is not the case here. *See,* Argument, Section II.B., *supra.*

**III.  Hon Hai's Claims Should Be Dismissed under Fed. R. Civ. P. 12(b)(6) Because They Fail to State a Claim.[7]**

Hon Hai's claims should additionally be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to plead facts sufficient to show that Hon Hai is entitled to the relief it seeks as required by Fed. R. Civ. P. 8(a)(2). "A motion to dismiss for failure to state a claim upon which

---

[6] The Complaint alleges that jurisdiction exists over this count under 28 U.S.C. § 1331 and the Declaratory Judgment Act. It does not allege that the Court has supplemental jurisdiction over this claim.

[7] For purposes of Wi-LAN's arguments for dismissal under Rule 12(b)(6), unless specifically stated in otherwise in this section, Wi-LAN does not rely on the documents attached to the Declaration in support of its argument for dismissal for failure to state a claim. Those documents were submitted in support of Wi-LAN's arguments for dismissal under Rule 12(b)(1), and should accordingly be considered by the Court in deciding that argument only.

14

relief can be granted is a purely procedural question . . . [thus] the law of the regional circuit," in this case the Second Circuit, is applied. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

To survive a motion to dismiss under Rule 12(b) (6), Hon Hai's complaint must allege well-pleaded facts with sufficient detail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  Hon Hai's Complaint does not meet this minimal standard.  Rather, it contains nothing but bare conclusory allegations of law and unwarranted inferences, which are insufficient to survive a motion to dismiss. *See id.* at 555.

Claim 1, which seeks a declaratory judgment of noninfringement, should be dismissed because it contains only a conclusory statement that there is "an actual controversy" between the parties with respect to whether Hon Hai infringes the '402 Patent. *See* Compl. 21.  The Complaint lacks sufficient factual allegations to plausibly establish that Wi-LAN has taken affirmative steps to create an immediate and real threat of injury arising from its enforcement activities.  Read in the light most favorable to Hon Hai, Hon Hai's factual support for this claim appears to be that (1) in February 2011, Wi-LAN sent correspondence to Hon Hai "alleging that Hon Hai manufactured and manufactures products that are covered under the '402 Patent," and (2) Wi-LAN subsequently filed a patent infringement suit against LG Electronics, Inc. and LG Electronics U.S.A., Inc. *See* Compl. ¶¶ 10-16.  Hon Hai's allegations in support of the former point is inconsistent with the actual content of the February 3, 2011 letter that Hon Hai relies upon in making this allegation, and must therefore be disregarded for purposes of evaluating the sufficiency of Hon Hai's Complaint under Rules 8 and 12(b)(6). *See Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 196 (2d Cir. 2005) (court may consider documents relied upon by plaintiff and integral to the complaint on 12(b)(6) motion).  That letter contains no such statement by Wi-

LAN and makes no reference to the '402 Patent. *See* Decl. Ex. H. Hon Hai's latter allegation is additionally insufficient to support a claim for noninfringement, as the existence of a suit between Hon Hai and an unrelated third party does not establish a justiciable controversy as to whether Hon Hai has infringed the '402 Patent. *See Innovative Therapies, Inc. v. Kinetic Concepts,* 559 F.3d 1377, 1382 (Fed. Cir. 2010).

Claim 2, which seeks a declaratory judgment of invalidity, must be dismissed because it contains only a blanket recitation that the '402 Patent fails to meet one or more statutory requirements for validity. Specifically, Hon Hai avers that it "believes the '402 Patent is invalid" for failure to comply with the conditions for patentability specified in 35 U.S.C. §§ 102, 103, and/or 112." Compl. ¶ 26. The Complaint contains not one supporting factual allegation that provides the basis for this claim. It identifies no prior art that anticipates or renders obvious any claim of the '402 Patent, and does not identify any claim or claim element that fails to satisfy any portion of Section 112. In similar circumstances, this Court and others within the Second Circuit have not hesitated to dismiss invalidity declaratory judgment claims and counterclaims under Rule 12(b)(6). *See, e.g., Wireless Ink Corp. v. Facebook, Inc.,* 787 F.Supp.2d 298, 313 (S.D.N.Y. 2011) (dismissing invalidity counterclaim that alleged only "[t]he claims of the '983 patent are invalid and/or unenforceable for failure to meet the conditions of patentability set forth in the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, et seq."); *Whitserve, LLC v. GoDaddy.com, Inc.,* No. 3:11-cv-948, 2011 WL 5825712, *2 (D.Conn. Nov. 17, 2011) (dismissing invalidity counterclaim that alleged only "[u]pon information and belie[f], the '468 Patent is invalid under one or more provisions of Title 35 of the U.S.Code, §§ 101, 102, 103 and 112").

Claim 3, which seeks a declaratory judgment that the '402 Patent is unenforceable due to

patent misuse, also fails to satisfy Rule 8(a)'s requirements. It contains only a conclusory allegation that the "'402 Patent is unenforceable due to Wi-LAN's attempt to impermissibly extend the scope of the '402 Patent." Compl. ¶ 30. As with Claim 2, the Complaint contains no factual allegations in support of this claim. Hon Hai alleges only that it "believes the '402 Patent is . . . unenforceable . . ." Compl. ¶ 18. This conclusory allegation is insufficient as a matter of law and warrants dismissal under Rule 12(b)(6). A party asserting a claim of patent misuse must plead each element of the claim, including that the defendant has monopoly power in the relevant market. *See, e.g. Linzer Prods. Corp. v. Sekar,* 499 F.Supp.2d 540, 553 (S.D.N.Y. 2007) (Scheindlin, J.); *Orion Elec. Co., Ltd. v. Funai Elec. Co., Ltd.,* No. 01-3501, 2002 WL 377541 *6 (S.D.N.Y. Mar. 11, 2002) (dismissing counterclaim for patent misuse for failure to allege market share). Hon Hai has not even attempted to plead the necessary elements of a misuse claim here. Therefore, Claim 3 must be dismissed.

Finally, Claim 4, which seeks a declaration that Hon Hai did not breach the V-Chip Agreement, contains no supporting allegations regarding the terms or requirements of the relevant contract. It states only that "Hon Hai does not owe any royalties under the License because it does not infringe . . . any of the claims of the '402 Patent." Compl. ¶ 34. As an initial matter, Claim 4 fails to state a claim because it impermissibly seeks a declaration of non-liability for past actions. *See Nat'l Union Fire,* 2003 WL 21277114 at *5. A declaratory judgment action must seek to a determination of rights and responsibilities to avoid the incurrence of *future* liability. *Id.* Yet, Hon Hai's Complaint contains allegations, made in the past tense, concerning royalty payments that Hon Hai previously failed to pay. Compl. ¶¶ 7-1; ¶ 14 (alleging Hon Hai "does not believe it has *manufactured* or *sold* any products covered under the '402 Patent, and should not owe any royalties to Wi-LAN.") (emphasis added). These allegations do not seek a

"prospective determination of [Hon Hai's] rights and responsibilities under the V-Chip Agreement but rather seek a determination that Hon Hai "*has fulfilled* all of its obligations" to Hon Hai under the V-Chip Agreement and "therefore *did not breach* any of its contractual obligations" thereunder. *See Nat'l Union Fire,* 2003 WL 21277114 at *5 (emphasis in original). Hon Hai's declaratory judgment action for nonbreach therefore clearly seeks a finding that Hon Hai is not liable for "damages alleged to have already accrued" and therefore fails to state a claim. *Id.*

Claim 4 further fails because it does not identify the contractual provision(s) that Hon Hai relies upon in making this allegation or identify any particular provision(s) that Hon Hai is asking the Court to interpret. In an action predicated on a contract, such allegations are required as a matter of law to pass muster. *See Wolff v. Rare Medium, Inc.,* 210 F.Supp.2d 490, 494 (S.D.N.Y. 2002) (granting 12(b)(6) motion where plaintiff failed to "identify the specific provision of the contract that was breached as a result of the acts at issue"), *aff'd,* 65 Fed.Appx. 736 (2d Cir. 2003).

In sum, Hon Hai's claims do not even allege the "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Therefore they must be dismissed under Rule 12(b)(6).

## IV.  In the Alternative, Hon Hai's Claims Should Be Stayed Pending the Resolution of the First-Filed Florida Action.

Alternatively, Wi-LAN requests that this Court exercise its discretion and stay this action pending the resolution of the Florida Action. "[T]here is ... nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear declaratory judgment actions. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995). Even if a court finds that an actual controversy exists so that it has subject matter jurisdiction, the court's "exercise of that

18

jurisdiction is discretionary," particularly when, as here, "there is a pending proceeding in another court . . . that will resolve the controversies between the parties." *Nat'l Union*, 2003 WL 21277114 at *4 ; *see also Cat Tech LLC v. TubeMaster, Inc.,* 528 F.3d  871, 883 (Fed. Cir. 2008) (holding declaratory judgment jurisdiction is also discretionary in patent cases).  Because the pending Florida Action will definitively address whether Hon Hai is obligated to pay royalties under the V-Chip Agreement – which is also the central dispute in this action – and it will address Wi-LAN's argument that the parties' licensing dispute is not subject to federal jurisdiction, this Court should stay this action pending the resolution of the Florida Action.

## CONCLUSION

For the reasons set forth above, Wi-LAN respectfully urges this Court to dismiss Hon Hai's Complaint.  In the alternative, Wi-LAN respectfully requests that the Court stay this action pending the outcome of the Florida Action.

Dated: January 7, 2013          Respectfully submitted,


                                /s/ Constance S. Huttner
                                Constance S. Huttner
                                Stephanie Lollo Donahue
                                Armita S. Cohen
                                VINSON & ELKINS L.L.P.
                                666 Fifth Avenue, 26th Floor
                                New York, NY 10103
                                Tel:  (212) 237-0000
                                Fax:  (212) 237-0100
                                chuttner@velaw.com
                                sdonahue@velaw.com
                                acohen@velaw.com

                                *Attorneys for Defendant Wi-LAN Inc.*

19

## <u>CERTIFICATION OF EXCHANGE OF LETTERS</u>

I certify that the parties exchanged pre-motion letters before Wi-LAN filed this Motion as required by the practices of the Honorable Judge Scheindlin.

<u>/s/ Constance S. Huttner</u>
Constance S. Huttner

20

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule 5.2 via the Court's CM/ECF system on January 7, 2013, and, as such, was served on all counsel of record.


<u>/s/ Constance S. Huttner</u>
Constance S. Huttner

21