UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
:
HON HAI PRECISION INDUSTRY CO., :
LTD., :
:
        Plaintiff, :
:
        v. :   Civil Action No. 1:12-cv-07900-SAS
:
Wi-LAN Inc., :
:
        Defendant. :
---------------------------------------------------------X

**PLAINTIFF HON HAI PRECISION INDUSTRY CO., LTD.'S MEMORANDUM OF**

**LAW IN OPPOSITION TO MOTION TO DISMISS OR STAY**

# TABLE OF CONTENTS

**Page**

I. THIS COURT HAS SUBJECT MATTER JURISDICTION ........................................... 1
II. THE SITUATION FAVORS HEARING THIS CASE OVER THE FLORIDA CASE 5
III. HON HAI HAS ADEQUATELY PLEADED ITS CLAIMS ............................................ 8
   A. Hon Hai Has Pleaded An Actual Controversy ...................................................... 9
   B. Claim 2 Sufficiently Pleads A Claim of Invalidity ................................................ 10
   C. Claim 3 Does Not Require A Pleading Of Market Power ................................... 11
   D. Claim 4 Properly Seeks Prospective Relief ............................................................ 12
IV. CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Powertech Tech. Inc. v. Tessera, Inc.*,
    660 F.3d 1301 (Fed. Cir. 2011) .................................................................................. passim

*ABB Inc. v. Cooper Indus., LLC*,
    635 F.3d 1345 (Fed. Cir. 2011) ....................................................................................... 2, 9

*Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*,
    986 F.2d 476 (Fed. Cir. 1993) ............................................................................................ 4

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
    626 F.3d 699 (2d Cir. 2010) ............................................................................................... 6

*Boldstar Technical, LLC v. Home Depot, Inc.*,
    517 F. Supp. 2d 1283 (S.D. Fla. 2007) ............................................................................ 10

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ............................................................................................................ 4

*Emplrs. Ins. v. Fox Entm't Group, Inc.*,
    522 F.3d 271 (2d Cir. 2008) ............................................................................................... 7

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*,
    599 F.3d 1377 (Fed. Cir. 2010) .......................................................................................... 9

*Iragorri v. United Techs. Corp.*,
    274 F.3d 65 (2d Cir. 2001) (*en banc*) ............................................................................... 7

*Kleinerman v. Luxtron Corp.*,
    107 F.Supp.2d 122 (D. Mass. 2000) ................................................................................. 4

*Linzer Prods. Corp. v. Sekar*,
    499 F.Supp.2d 540 (S.D.N.Y. 2007) (Scheindlin, J.) ................................................... 11

*Litwin v. Blackstone Grp., L.P.*,
    634 F.3d 706 (2d Cir. 2011) ............................................................................................... 8

*MACTEC, Inc. v. Gorelick*,
    427 F.3d 821 (10th Cir. 2005) ......................................................................................... 11

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
    312 U.S. 270 (1941) ............................................................................................................ 1

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ............................................................................................ 1, 2, 3, 5

*Merrell Dow Pharm. Inc. v. Thompson*,
   478 U.S. 804 (1986) ........................................................................................................ 5

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) .................................................................................... 2, 9

*Microsoft Corp. v. Phoenix Solutions, Inc.*,
   741 F. Supp. 2d 1156 (C.D. Cal. 2010) ........................................................................ 10

*New York Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010) ........................................................................................... 7

*Orion Elec. Co., Ltd. v. Funai Elec. Co.*,
   2002 WL 377541 (S.D.N.Y. Mar. 11, 2002) ................................................................ 11

*Palmetto Pharms. LLC v. Astrazeneca Pharms. LP*,
   2012 U.S. Dist. LEXIS 177185 (D.S.C. Nov. 6, 2012) ................................................ 10

*Pfizer Inc. v. Apotex Inc.*,
   726 F. Supp. 2d 921 (N.D. Ill. 2010) ............................................................................ 10

*Princo Corp. v. ITC*,
   616 F.3d 1318 (Fed. Cir. 2010) ..................................................................................... 11

*Regents of the Univ. of Minn. v. Glaxo Wellcome, Inc.*,
   58 F.Supp.2d 1036 (D. Minn. 1999) ............................................................................... 5

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ....................................................................................... 4

*Scherbatskoy v. Halliburton Co.*,
   125 F.3d 288 (5th Cir. 1997) .......................................................................................... 4

*Teirstein v. AGA Med. Corp.*,
   2009 U.S. Dist. LEXIS 125002 (E.D. Tex. Feb. 13, 2009) .......................................... 11

*Teirstein v. AGA Med. Corp.*,
   U.S. Dist. LEXIS 20850 (E.D. Tex. Mar.16, 2009) ...................................................... 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ........................................................................................................ 8

*U.S. Valves, Inc. v. Dray*,
   190 F.3d 811 (7th Cir. 1999) .......................................................................................... 5

*Verance Corp. v. Digimarc Corp.*,
   2011 WL 2182119 (D.Del. Jun. 2, 2011) ................................................................................6

*William Gluckin & Co. v. Int'l Playtex Corp.*,
   407 F.2d 177 (2d Cir. 1969).....................................................................................................6

*Zenith Radio Corp. v. Hazeltine Research*,
   395 U.S. 100 (1969).........................................................................................................11, 12

**STATUTES**

35 U.S.C. 271(d) .........................................................................................................................11

28 USC 2201(a) .............................................................................................................................1

**OTHER AUTHORITIES**

47 CFR 15.120(e)......................................................................................................................3, 5

Wi-LAN's motion to dismiss presents the Court with three questions: 1) Does the Court have subject matter jurisdiction to hear Hon Hai's declaratory judgment action; 2) Should the Court exercise its discretion to hear Hon Hai's declaratory judgment action; and 3) Is the declaratory judgment action adequately pleaded.  The answer to each of these questions is yes, and therefore Wi-LAN's motion should be denied.

I.      **This Court Has Subject Matter Jurisdiction**

There can be little doubt that this Court has subject matter jurisdiction to hear this action, since under similar circumstances both the Federal Circuit and the Supreme Court have held that subject matter jurisdiction existed.

The Declaratory Judgment Act requires there be an "actual controversy" between the parties.  28 USC 2201(a).  An actual case or controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (*quoting Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In this case, Wi-LAN has demanded that Hon Hai make royalty payments pursuant to a license agreement covering U.S. Patent No. 5,828,402 (the "'402 Patent").  D.I. 1 (Complaint) at ¶¶ 9, 11, and 15.  This demand for royalties under a patent license is precisely the type of behavior that the Supreme Court found created an actual controversy in *MedImmune*. 549 U.S. at 121-22.  Indeed, while there appears to have been only a single such demand in *MedImmune*, Wi-LAN has repeatedly demanded that Hon Hai make royalty payments on certain products. D.I. 1 (Complaint) at ¶¶ 11 and 15.  This alone would satisfy the jurisdictional requirement for a declaratory judgment as set forth in *MedImmune*.

1

The existence of an actual controversy is even clearer in light of Wi-LAN's actions with respect to LG Electronics ("LGE").  In January 2010, Wi-LAN initiated a lawsuit against LGE, who was also a licensee of the '402 Patent. D.I. 1 (Complaint) at ¶ 10; *see also* Case No. 1:10-cv-00432-LAK, D.I.1 (Complaint) at ¶20.  LGE, like Hon Hai, had informed Wi-LAN that it was not obligated to pay royalties under the license agreement because its products did not practice the '402 Patent.  *Id*. at ¶¶ 25, 27.  In the lawsuit filed in response, Wi-LAN initially asserted both breach of contract and patent infringement claims against LGE. *Id*. at ¶¶ 41-51.  Wi-LAN later terminated the license agreement with LGE and asserted only the patent infringement claims. *See* Case No. 1:10-cv-00432-LAK, D.I. 277 (Rep. & Rec.) at 21 n. 13.

Thus, the fear that the patent owner would terminate the license and sue for infringement, which the Supreme Court in *MedImmune* held created an actual controversy, is precisely what Wi-LAN actually did with respect to LGE.  Given that LGE had apparently taken a position similar to Hon Hai in its discussion with Wi-LAN, Hon Hai is entitled to seek a declaratory judgment rather than wait for Wi-LAN to file suit.  The Court should consider Wi-LAN's litigation activities against LGE, which provides further evidence that an actual controversy exists.  *See ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011) (finding an actual controversy where patentee "had sent veiled warnings to the declaratory plaintiff and had already sued other companies that produced the same product accused of infringement."); *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) (considering "pattern of serial litigation" in affirming declaratory judgment jurisdiction).

In response, Wi-LAN attempts to argue for a lack of jurisdiction by claiming that Wi-LAN is only asserting state law breach of contract claims.  This argument fails for a multitude of reasons.

First, Wi-LAN's position depends upon its interpretation of the license to require payment of royalties if "either" of two conditions is met:  the product practices the '402 Patent, *or* the product is capable of blocking programming in accordance with 47 CFR 15.120(e).[1] D.I. 11 (Motion) at 6.  Hon Hai disputes this interpretation and contends that "and" in the definition of "V-Chip Receiver" should be given its ordinary, conjunctive meaning, which would require the products to practice the '402 patent before a royalty is due.  The Court need not, and should not, resolve this dispute now; the existence of the dispute "as to whether the license agreement requires royalty payments to be tied to valid patent coverage – is sufficient to support declaratory judgment jurisdiction*." Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1310 (Fed. Cir. 2011); *see also MedImmune*, 549 U.S. at 135-36 (holding that dispute over contract construction does not defeat jurisdiction).

Second, even if Wi-LAN's construction of the license agreement is correct and the definition of V-Chip Receiver provides two separate conditions, either of which may be satisfied, infringement of the '402 Patent is still a basis on which Wi-LAN can demand royalties for a product.  In other words, Wi-LAN's interpretation allows it to claim royalties under either the second portion of the definition ("…a receiver capable of: (1) blocking programming in accordance with 47 CFR 15.120(e)…") or under the first portion of the definition, which is explicitly tied to infringement of the '402 Patent.  Wi-LAN's communications to Hon Hai simply asserted that royalties were due, not the basis on which Wi-LAN believed they were due.

---

[1] Section 1.1 of the V-Chip Agreement (D.I. 12, Ex. B) reads:

"V-Chip Receiver" means any television receiver (with or without a display) which utilizes any aspect of, or the use of which is within the scope of, the ['402] Patent and, without limitation, a V-Chip Receiver is a receiver capable of: (1) blocking programming in accordance with 47 CFR 15.120(e), as amended; and (2) receiving a transport stream, which includes program rating system information, such as, by way of example only and without limitation, an ATSC signal such as any digital television receiver, set-top box, DVD recorder, desktop or notebook computer or other digital products containing an ATSC tuner.

Although Wi-LAN claims it is not asserting that Hon Hai's products infringe, it has never disclaimed its right to seek royalties based upon products practicing the '402 Patent. The mere statement that Wi-LAN is not proceeding under such a theory at this time is not sufficient to divest this Court of jurisdiction. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007) (finding declaratory judgment jurisdiction even where patentee stated it did not intend to sue plaintiff). There is a clear dispute between the parties as to whether royalties are due under the license agreement; so long as one possible basis for royalties is infringement of the '402 Patent, declaratory judgment jurisdiction exists. *See Powertech*, 660 F.3d at 1310.

Finally, while contract claims in the abstract may typically be state law claims, assertion of a breach of contract claim for this contract would raise substantial questions of federal law. In looking at what Wi-LAN's affirmative claim would be, if its "right to relief necessarily depends on resolution of a substantial question of federal patent law," the cause of action arises under the federal patent laws and federal jurisdiction is appropriate. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). There are two possible interpretations of the agreement presented by the parties, and both raise substantial questions of federal law.

If Hon Hai's interpretation of the contract is correct, determination of whether royalties are due (and therefore whether there had been a breach) requires a determination of infringement of the '402 Patent, a federal question. *See*, *e.g.*, *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th Cir. 1997) ("[c]learly, determining whether Smith International infringed the Scherbatskoys' patents is a necessary element to recovery of additional royalties or a finding that Halliburton breached the Patent License Agreement"); *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479 (Fed. Cir. 1993) (affirming removal where

4

state law claim for business disparagement required proof that products did not infringe a patent); *Kleinerman v. Luxtron Corp.*, 107 F.Supp.2d 122, 124 (D. Mass. 2000) (denying remand where breach of contract claim required a determination of infringment); *Regents of the Univ. of Minn. v. Glaxo Wellcome, Inc.*, 58 F.Supp.2d 1036, 1038 (D. Minn. 1999) (same); *see also U.S. Valves, Inc. v. Dray*, 190 F.3d 811, 814 (7th Cir. 1999) (breach of contract claim arose under patent laws because contract issue depended on whether licensor sold valves which infringed on the licensed patents, such that patent law was necessary element of contract claim).

Even Wi-LAN's own statement of its claims raises a substantial question of federal law, since it requires a determination of the requirements under 47 CFR 15.120(e) and a comparison of those requirements to products for which Wi-LAN seeks a royalty. *See* fn. 1 (license agreement requires a determination of the provisions of 47 CFR 15.120(e) even if the "and" is replaced with "or" as WiLAN would interpret the agreement). In short, even if the Court did not have to determine whether the products infringe the '402 Patent, it would still have to determine whether the products comply with (or "infringe") 47 CFR 15.120(e). A federal question is presented when "the vindication of a right under state law necessarily turned on some construction of federal law." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

The facts of this case closely mirror those of *MedImmune* and *Powertech*, and thus those cases mandate a finding that this Court has jurisdiction over Hon Hai's declaratory judgment.

## II. The Situation Favors Hearing This Case Over The Florida Case

Given that this Court has subject matter jurisdiction over the declaratory judgment action, Wi-LAN asks the Court to decline to exercise that jurisdiction by either dismissing or staying this case in favor of the litigation taking place in Florida. Once again, while Wi-LAN relies on

5

general statements regarding the "first to file" rule, it ignores the application of those rules to the specific facts of this case.

As a threshold matter, the first to file rule assumes that both cases involve not only the same parties but also the same issues. Since, as demonstrated above, there is a controversy over whether infringement and invalidity are necessary issues for determining whether the license agreement has been breached, staying or dismissing this case could deprive Hon Hai of its right to declaratory relief on those patent law issues if WiLAN were to prevail on its interpretation of the license agreement. Conversely, proceeding with this litigation will resolve the dispute in the Florida litigation, regardless of who's interpretation of the license agreement prevails.[2] Thus, the first to file rule is not applicable to this case.

Moreover, even if the Court were to consider the first to file rule, this case presents the classic "special circumstances" that courts have found to justify deviation from the first to file rule.

A special circumstances exception exists when the location of the first suit is based solely on forum shopping. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A*., 626 F.3d 699, 725 (2d Cir. 2010) (*citing William Gluckin & Co. v. Int'l Playtex Corp*., 407 F.2d 177, 178 (2d Cir. 1969) (finding special circumstances where "forum shopping alone motivate[s] the choice of the situs for the first suit")). As Wi-LAN has admitted, Florida has no relationship to

---

[2] Wi-LAN asserts that a determination of infringement, invalidity, or unenforceability would not "conclusively resolve" the licensing dispute, and therefore those claims should be dismissed. This argument, of course, depends upon Wi-LAN succeeding with its interpretation of the license agreement; as the Federal Circuit explained, the existence of these competing interpretations support declaratory judgment jurisdiction. *See Powertech*, 660 F.3d at 1310. Not only is Federal Circuit law controlling, the case that Wi-LAN relies on to support this argument, *Verance Corp. v. Digimarc Corp*., No. 10-831, 2011 WL 2182119 (D. Del. Jun. 2, 2011), itself relied upon the district court ruling that the Federal Circuit overruled in *Powertech*. *See Verance* 2011 WL 2182199 at *6.

this case: none of the parties are located there, none of the evidence is located there, and none of the activities took place there. There is no basis for Wi-LAN's decision to file in Florida other than forum shopping.

Ironically, Wi-LAN has accused Hon Hai of attempting to "wrest the choice of forum" from Wi-LAN. It conveniently ignores the fact that both Hon Hai and Wi-LAN agreed, in the very license agreement that is in dispute, that New York was an acceptable forum for litigation of such disputes. See, D.I. 12, Ex. B at Section 13.1. While the forum clause of the licensee agreement is permissive, it at least presents some tie between this Court and the dispute, in contrast to the absence of any connections with Florida. The fact that the agreement is to be construed under New York law explains why the parties would have reached such an agreement, and provides a further tie to this Court. *See New York Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113 (2d Cir. 2010) (noting New York choice of law clause favored disregarding first-filed rule). It is apparent that it is Wi-LAN, not Hon Hai, that is forum shopping.

In addition, even if special circumstances do not exist, the first to file "rule" is "only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Emplrs. Ins. v. Fox Entm't Group, Inc*., 522 F.3d 271, 275 (2d Cir. 2008) (internal quotations and citations omitted). In this case, the desirability of proceeding before this Court has at least two bases. First, the parties have consented to personal jurisdiction here, while Hon Hai is contesting personal jurisdiction in Florida. Thus both the parties and the courts would save resources and time by rendering the issue moot and proceeding before this Court. Second, the license agreement in dispute is governed by New York law. Thus, the public interest

favors proceeding in this Court, which has a relationship to the chosen law, versus Florida, which has no relationship. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 74 (2d Cir. 2001) (*en banc*).

Finally, Wi-LAN's contention that this case should be dismissed or stayed is directly contrary to the positions taken by Wi-LAN in the Florida litigation (and before this Court). If, as Wi-LAN contends, patent infringement is not at issue in the Florida litigation, the outcome of that litigation will not dispose of the issues of patent infringement and invalidity. As discussed above, the first to file rule assumes that both cases involve not only the same parties but also the same issues. Since there is an controversy over infringement and invalidity, staying or dismissing this case would deprive Hon Hai of its right to declaratory relief on those issues. Conversely, proceeding with this litigation will resolve the dispute in the Florida litigation, regardless of who's interpretation of the license agreement prevails.

Wi-LAN has provided no persuasive argument for this Court to decline to exercise its jurisdiction over Hon Hai's declaratory judgment action. On the contrary, the facts in this case mirror those in the *Powertech* case, where the Federal Circuit held that the district court abused its discretion in not exercising jurisdiction. For those same reasons, this Court should neither dismiss nor staying this action.

## III.    Hon Hai Has Adequately Pleaded Its Claims

Wi-LAN tries to persuade the Court that Hon Hai's complaint does not state a claim by relying on selective quotations from the complaint and erroneous legal standards. The Court, however, must consider the complaint in its entirety. *See*, *e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must accept all factual allegations as true, and draw all reasonable inferences in favor of Hon Hai. *See*, *e.g.*, *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011).

8

### A. Hon Hai Has Pleaded An Actual Controversy

Wi-LAN's argument that Claim 1 does not adequately plead an actual controversy is largely a rehash of its argument for lack of subject matter jurisdiction. As shown above, the facts pleaded include facts which both the Supreme Court and Federal Circuit have found create an actual controversy. In fact, Hon Hai pleaded additional facts that further emphasize that an actual controversy exists.

First, Wi-LAN sent not one but two letters to Hon Hai demanding payment of royalties under the license agreement. *See* D.I. 1 (Complaint) at ¶11, 15. This is identical to the facts that created an actual controversy in *MedImmune*. The fact that the letters did not use the terms "infringement" or "litigation" is simply irrelevant under the correct law. *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011) ("Thus, a specific threat of infringement litigation by the patentee is not required to establish jurisdiction…") Further, the letters do not set forth Wi-LAN's apparent theory that royalties are payable regardless of whether the products practice the '402 Patent. *See* D.I. 12, Ex. H (Feb. 3, 2011 letter) and Ex. G (June 6, 2012 letter) Of course, even if they did, jurisdiction would still lie because there is a dispute as to whether infringement is a necessary basis for royalties to be due. *See Powertech*, 660 F.3d at 1310.

Second, Wi-LAN's litigation against LGE provides additional support for the existence of an actual controversy. The Federal Circuit has repeated indicated that similar litigation can and should be considered in determining whether an actual controversy exists. *See ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011) (finding an actual controversy where patentee "had sent veiled warnings to the declaratory plaintiff and had already sued other companies that produced the same product accused of infringement."); *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) (considering "pattern of serial litigation" in affirming declaratory judgment jurisdiction). The case upon which Wi-LAN apparently relies

9

actually affirms that "prior litigation is a circumstance to be considered in assessing the totality of circumstances." *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010).  It stands only for the principle that litigation against others is insufficient if there is no act directed towards the declaratory judgment plaintiff. *Id*.  That principle is inapplicable here, because Wi-LAN clearly took action directed at Hon Hai by its demands for royalty payments from Hon Hai.

Thus Hon Hai has adequately pleaded an actual controversy.

### B.      Claim 2 Sufficiently Pleads A Claim of Invalidity

While Wi-LAN relies on two district court cases that have required invalidity to be pleaded with specificity, numerous other district courts have held that invalidity claims of the type pleaded here are sufficient. *See*, *e.g*., *Pfizer Inc. v. Apotex Inc*., 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010) (holding that a counterclaim alleging that the patents were "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code" was sufficiently pled); *Teirstein v. AGA Med. Corp*., No. 6:08cv14, 2009 U.S. Dist. LEXIS 20850, 2009 WL 704138, at *4-5 (E.D. Tex. Mar.16, 2009) (finding that such pleadings "comprise[ ] more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action"); *see also Boldstar Technical, LLC v. Home Depot, Inc*., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (finding that such pleadings "are brief but clear, and effectively apprise plaintiffs of the legal and factual grounds on which [the defendant] seeks to advance its claims").

The analysis of these cases is more persuasive than those cited by Wi-LAN because they consider allegations of invalidity in the context of allegations relating to patent cases in general. In particular, they have noted that requiring additional facts to be pleaded when asserting invalidity would give the "incongruous" result of requiring a "heightened pleading" for invalidity than for infringement.  *See*, *e.g.*, *Palmetto Pharms. LLC v. Astrazeneca Pharms. LP*, 2012 U.S.

10

Dist. LEXIS 177185, 18-19 (D.S.C. Nov. 6, 2012) ("The Court finds persuasive the reasoning of the district courts that have found it would be "incongruous to require heightened pleading" for invalidity counterclaims when the pleading standard for infringement does not require factual allegations to support the infringement claims."); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) ("it would be incongruous to require heightened pleading when the pleading standard for infringement does not require facts such as "why the accused products allegedly infringe" or "to specifically list the accused products.""); *Teirstein v. AGA Med. Corp.*, 2009 U.S. Dist. LEXIS 125002 (E.D. Tex. Feb. 13, 2009) ("Thus, to require Defendant to state facts as to why [a] patent is invalid or to list invalidating prior art as Plaintiff suggests, would be to heighten the pleading standard for an invalidity counterclaim.").

Given that none of Wi-LAN's cited cases are controlling, the Court should adopt the more persuasive reasoning of those court that have found such allegations of invalidity to be sufficient. And, if the Court were to find that validity should be pleaded with more specificity, it should grant Hon Hai leave to amend to add additional facts.

### C.   Claim 3 Does Not Require A Pleading Of Market Power

Wi-LAN incorrectly asserts that monopoly power is a necessary element of patent misuse. However, the cases cited make clear that the requirement to plead market power derives from 35 U.S.C. 271(d), which applies only to five categories of alleged patent misuse. *See Linzer Prods. Corp. v. Sekar*, 499 F.Supp.2d 540, 552 (S.D.N.Y. 2007) (Scheindlin, J.); *Orion Elec. Co., Ltd. v. Funai Elec. Co.*, Ltd., No. 01-3501, 2002 WL 377541 *6 (S.D.N.Y. Mar. 11, 2002). The patent misuse in this case is not based upon a refusal to license or tying of the patent, and thus 271(d) is not applicable. *Princo Corp. v. ITC*, 616 F.3d 1318, 1330 (Fed. Cir. 2010) ("Section 271(d) is not directly implicated in this case because the conduct here at issue does not fall within any of the five statutorily defined categories.").

On the contrary, Wi-LAN has committed patent misuse by attempting to interpret a patent license in a manner that allows it to collect royalties on products not covered by the '402 Patent. This has long been recognized to constitute patent misuse. *See*, *e.g.*, *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 830 (10th Cir. 2005) (*citing Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 138-39 (1969). Such activity, however, does not fall within any of the five categories in 271(d) and therefore no allegation of market power is necessary.

### D. Claim 4 Properly Seeks Prospective Relief

Wi-LAN's argument that Claim 4 should be dismissed is simply specious. Wi-LAN points to the use of the past tense in paragraph 14 and therefore asserts that the declaratory judgment claim does not seek a "prospective determination" of Hon Hai's rights. Wi-LAN quotes a portion of that paragraph out of context, neglecting to inform the Court that the facts alleged in that paragraph had to do with the contents of a specific communication between Hon Hai and Wi-LAN, explaining the use of the past tense. Even more egregious is Wi-LAN's apparent hope that the Court will ignore paragraph 17 of the Complaint, which is written in the present tense and makes clear that Hon Hai is seeking a determination of rights with respect to its ongoing activities. Wi-LAN's apparent position that any use of the past tense in a declaratory judgment complaint would defeat jurisdiction is clearly baseless.

Equally spurious is Wi-LAN's position that Hon Hai was required to identify specific contractual provisions. The case relied upon by Wi-LAN is in the context of a breach of contract action, where a party would be able to identify the specific provisions it believes were violated. By contrast, because Hon Hai is asking for a declaration that it is not in breach, it is alleging it is in compliance with every provision of the agreement. Wi-LAN's argument, if accepted by the Court, would require a declaratory judgment plaintiff to re-allege each and every provision of the

12

contract in dispute, which is contrary to Rule 8's call for a "short and plain statement of the claim."

## IV. Conclusion

Because there is a clear controversy between the parties, which raises a substantial question of federal law, this Court has subject matter jurisdiction over this case.  Because the controversy will be completely resolved by this litigation, and there are no issues of personal jurisdiction in this litigation, this Court should hear this case.  Because the complaint adequately pleads each of the causes of action when the proper legal standard is applied, this Court should not dismiss any of the claims.

Hon Hai respectfully requests that Wi-LAN's motion be denied in its entirety.

Dated:   January 24, 2013

Respectfully submitted,

/s/ Peter J. Wied
Peter J. Wied (pro hac vice)
**Goodwin Procter LLP**
601 S Figueroa St., 41st Floor
Los Angeles, California  90017
Tel.:  213.426.2500
Fax.:  213.623.1673

13