UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HON HAI PRECISION INDUSTRY CO. LTD.,<br><br>    Plaintiff,<br><br> v.<br><br>WI-LAN INC.<br><br>    Defendant. | Civil Action No. 12-civ-7900 (SAS)<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT WI-LAN INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS HON HAI PRECISION INDUSTRY CO. LTD.'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................... 1
ARGUMENT ........................................................................................................................ 2
I.    WI-LAN'S FIRST FILED ACTION REQUIRES THE DISMISSAL OF HON HAI'S CLAIMS ................................................................................................................... 2
II.   HON HAI'S CLAIMS ARE NOT SUBJECT TO FEDERAL JURISDICTION ................. 4
      A.  *MedImmune* Does Not Confer Jurisdiction Over Hon Hai's Claims ............................ 5
      B.  *Powertech* Does Not Confer Jurisdiction Over Hon Hai's Claims ............................... 7
      C.  The Florida Action Does Not Require a Determination of Federal Law .................... 8
III.  HON HAI'S COMPLAINT FAILS TO STATE A CLAIM ................................................ 8
CONCLUSION ................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*ABB Inc. v. Cooper Indus., LLC,*
    635 F.3d 1345 (Fed. Cir. 2011) ................................................................................................ 5

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*,
    986 F.2d 476 (Fed. Cir. 1993) .................................................................................................. 8

*Beal Sav. Bank v. Sommer*,
    8 N.Y.3d 318 (2007) ................................................................................................................ 7

*Brad H. v. City of N.Y.*,
    17 N.Y.3d 180 (N.Y. 2011) ..................................................................................................... 7

*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.,*
    72 F.3d 872 (Fed. Cir. 1995) .................................................................................................... 6

*Cat Tech LLC v. TubeMaster, Inc.,*
    528 F.3d 871 (Fed. Cir. 2008) .................................................................................................. 5

*Employers Ins. v. Fox Entm't Grp., Inc.,*
    522 F.3d 271 (2d Cir. 2008) ..................................................................................................... 4

*Finisar Corp. v. JDS Uniphase Corp.,*
    No. 08-3388, 2009 WL 801526 (N.D. Cal. Mar. 25, 2009) ..................................................... 6

*Freescale Semiconductor v. ChipMOS Techs.,*
    No. 09-cv-3689, 2012 WL 1094644 (N.D.Cal. Mar. 30, 2012) ............................................... 7

*Greenfield v. Philles Records, Inc.*,
    98 N.Y.2d 562 (N.Y. 2002) ...................................................................................................... 7

*Illinois Tool Works Inc. v. Indep. Ink, Inc.*
    547 U.S. 28 (2006) .................................................................................................................... 9

*In re Reserve Fund Sec. & Derivative Litig.*,
    No. 09-cv-782, 2009 WL 3634085 (S.D.N.Y. Nov. 3, 2009) .................................................. 8

*Johnson v. Way Cool Mfg., LLC,*
    20 Fed. Appx. 895 (Fed. Cir. 2001) .......................................................................................... 6

*Kleinerman v. Luxtron Corp.,*
    107 F.Supp.2d 122 (D. Mass 2000) .......................................................................................... 8

*MACTEC, Inc. v. Gorelick*,
    427 F.3d 821 (10th Cir. 2005) .................................................................................................. 9

*MedImmune, Inc v. Genentech, Inc.,*
    549 U.S. 118 (2007) ......................................................................................................... 2, 5, 6

*Micron Tech., Inc. v. Mosaid Techs., Inc.,*
    518 F.3d 897 (Fed. Cir. 2008) .................................................................................................. 5

*Microsoft Corp. v. Phoenix Solutions,* Inc.,
    741 F.Supp.2d 1156 (C.D.Cal. 2010) ....................................................................................... 9

*Morton Salt Co. v. G.S. Suppiger Co.*,
    314 U.S. 488 (1942) .................................................................................................. 9

*Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Int'l Wire Grp., Inc.*,
    No. 02-cv-10338, 2003 WL 21277114 (S.D.N.Y. Jun. 2, 2003) ........................ 4, 10

*Palmetto Pharms. LLC v. Astrazeneca Pharms. LP*,
    2012 U.S. Dist. LEXIS 177185  (D.S.C. Nov. 6, 2012) ................................................. 9

*Pfizer Inc. v. Apotex Inc.*,
    726 F.Supp.2d 921 (N.D.Ill. 2010) ............................................................................. 9

*Powertech Tech. Inc. v. Tessera, Inc.*,
    660 F.3d 1301 (Fed. Cir. 2011) ......................................................................... 5, 6, 7

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008) .................................................................................. 5

*Princo Corp. v. ITC*,
    616 F.3d 1318 (Fed. Cir. 2010) .................................................................................. 9

*Regents of Univ. of Minn. v. Glaxo Wellcome, Inc.*,
    58 F.Supp.2d 1036 (D. Minn. 1999) ........................................................................... 8

*Rivet v. Regions Bank of La.*,
    522 U.S. 470 (1998) .................................................................................................. 2

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    480 F.3d 1372 (Fed. Cir. 2007) .................................................................................. 5

*Scherbatskoy v. Halliburton Co.*,
    125 F.3d 288 (5th Cir. 1997) ..................................................................................... 8

*Teirstein v. AGA Med. Corp.*,
    No. 6:08-cv-14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009) ................................... 9

*Tessera, Inc. v. Int'l Trade Comm'n*,
    646 F.3d 1357 (Fed. Cir. 2011) .................................................................................. 6

*U.S. Valves, Inc. v. Dray*,
    190 F.3d 811 (7th Cir. 1999) ..................................................................................... 8

*Verance Corp. v. Digimarc Corp.*,
    No. 10-831, 2011 WL 2182119 (D.Del. Jun. 2, 2011) ............................................... 6

**Statutes**

35 U.S.C. § 271(d) ............................................................................................................ 9

**Other Authorities**

47 CFR 15.120(e) .............................................................................................................. 8

**PRELIMINARY STATEMENT**

As Wi-LAN explained in its Motion, this action was brought in response to a prior breach of contract action filed in Florida State Court relating to Hon Hai's failure to pay royalties for sales of V-Chip Receivers. Rather than respond on the merits, Hon Hai removed the Florida Action to the Southern District of Florida, contending that the interpretation of the V-Chip Agreement on which the Florida Action is based requires a resolution of federal patent issues – specifically, whether Hon Hai's V-Chip Receivers infringe Wi-LAN's '402 Patent. At the same time, Hon Hai filed the present declaratory judgment action and moved to transfer the Florida Action to this Court. Hon Hai also moved to dismiss the Florida Action for lack of personal jurisdiction. Wi-LAN International (Wi-LAN's subsidiary that filed the Florida Action) has opposed Hon Hai's Motions, and has also moved to remand the Florida Action to state court to resolve the parties' competing interpretations of the V-Chip Agreement. All of the Motions in the Florida Action are fully briefed and are awaiting decision by the Florida Court.

Wi-LAN has also moved to dismiss or stay the present declaratory judgment action on several independently adequate grounds. First, Hon Hai's claims should be dismissed because they arise out of the same contract dispute that is the subject of the first-filed Florida Action. *See* Mot. at 8-10. Both cases will require the Court to determine whether the V-Chip Agreement is limited to infringing V-Chip Receivers, as Hon Hai contends, or more broadly applies to all of Hon Hai's V-Chip Receivers, as Wi-LAN contends. In this context, Hon Hai will have the opportunity to litigate its defense that royalty payments are inextricably linked to infringement of the '402 Patent. No matter who prevails on this issue, any judgment in the Florida Action will bar Wi-LAN from later asserting that Hon Hai has infringed the '402 Patent. *See* Point I, *infra*.

This case should also be dismissed because this Court lacks federal subject matter

jurisdiction over Hon Hai's declaratory claims for non-infringement and invalidity of the '402 Patent.  *See* Mot. at 10-14.  Wi-LAN's affirmative claim for royalties is grounded in the contract action pending in Florida, which alleges the V-Chip Agreement obligates Hon Hai to pay royalties for products listed in Appendix A to the Agreement or that satisfy the functional requirements set forth in Section 1.1 of the Agreement, without regard to whether they infringe.  Wi-LAN's claim is not based on alleged infringement of the '402 Patent.  In other words, Wi-LAN *has not* asserted patent claims against Hon Hai.  As a result, there is no substantial controversy between the parties of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).  Hon Hai's claims are essentially its defenses to the Florida Complaint – which asserts a claim that is not based on a substantial question of federal law and therefore does not confer federal jurisdiction.  *See Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998).  *See* Point II, *infra.*

Finally, Hon Hai's claims should also be dismissed under Rule 12(b)(6) because they are insufficient to state a claim under the pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal*.  Mot. at 14-18.  *See* Point III, *infra*.

Hon Hai's response to each of these arguments is unpersuasive, and fails to satisfy its burden of demonstrating federal subject matter jurisdiction.  This Court should, therefore, grant Wi-LAN's motion to dismiss or stay this action.

## ARGUMENT

### I. WI-LAN'S FIRST FILED ACTION REQUIRES THE DISMISSAL OF HON HAI'S CLAIMS

In response to Wi-LAN's showing that the first-to-file doctrine requires the dismissal of Hon Hai's claims, Hon Hai argues that the doctrine is inapplicable because this action and the Florida Action do not involve the same issues.  Specifically, Hon Hai argues this action, unlike

the Florida Action, states a "controversy over whether infringement and invalidity are necessary issues for determining whether the license agreement has been breached." Opp. at 6. Additionally, Hon Hai claims that "staying or dismissing this case could deprive [it] of its right to declaratory relief on those patent law issues." *Id.* These arguments are not only a red herring, they are entirely contrary to statements that Hon Hai made in the Florida Action in support of its removal of Wi-LAN's state court action to federal court.

In the Florida Action, Hon Hai argued that the "resolution of Wi-LAN's breach of contract claim necessarily require[s] the determination of whether Hon Hai's products practice the licensed patent." Decl. Ex. E at 1. Hon Hai also told the Florida Court it would prevail in the Florida Action because Wi-LAN will be "unable to prove that any Hon Hai products practice [the '402 Patent], and therefore [ ] will be unable to prove that Hon Hai breached any obligations under the 'V-Chip Agreement.'" Decl. Ex. A at ¶ 18; *see also* Ex. E at 3-5. Thus, there can be little doubt that the two lawsuits involve *substantially similar* parties and disputes, including Hon Hai's defenses based on the '402 Patent. This is all the law requires for the first-to-file rule to apply and Hon Hai offers no authority stating otherwise. *See* Mot. at 8-9.

Hon Hai next argues that there are "special circumstances" here, which justify a departure from the first-to-file rule. Opp. at 6-7. This argument is based on the unsupported claim that the Florida Action was motivated by "forum shopping" and that Wi-LAN has "admitted" that "Florida has no relationship to this case." *Id.* Tellingly, Hon Hai has pointed to no documents supporting this alleged "admission," which is diametrically contrary to the positions expressly articulated in opposition to Hon Hai's motions to dismiss for lack of personal jurisdiction and transfer venue in the Florida Action. *See* Florida Action, Dkts. 41, 42. As explained there, Wi-LAN International filed its breach of contract action in Florida where it has an office, where Hon

3

Hai is authorized to conduct business and has sold products subject to royalties under the V-Chip Agreement.  Florida Action, Dkts. 41 at 4-5; 42 at 4.  Wi-LAN has not, as Hon Hai contends, "admitted" that there is no connection between the parties' dispute and Florida.

Recognizing the weakness of its "special circumstances" argument, Hon Hai also contends the first-to-file rule is "only a presumption that may be rebutted by proof of the desirability of proceeding" in the second forum.  Opp. at 7.[1]  Hon Hai asserts the presumption is rebutted here because a New York forum would avoid the personal jurisdiction defense Hon Hai raised in the Florida Action and the V-Chip Agreement is governed by New York law.  *Id.*  These arguments are the *same* arguments Hon Hai made in the Florida Action in support of its motion to transfer venue, which has been fully briefed and is awaiting decision.  Florida Action, Dkt. 26.  If Hon Hai's arguments have merit, the Florida Court will presumably recognize this fact and transfer the Florida Action.  Neither "the parties [nor] the courts would save resources and time" by rehashing these arguments here.  There is simply no basis for this Court to countenance such duplication, particularly since the Florida Action is the "coercive action" that will address the core of the parties' dispute.  *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Int'l Wire Grp., Inc.,* No. 02-cv-10338, 2003 WL 21277114, *6 (S.D.N.Y. Jun. 2, 2003) (Scheindlin, J.) (dismissing declaratory action in favor of first-filed coercive action).

## II. HON HAI'S CLAIMS ARE NOT SUBJECT TO FEDERAL JURISDICTION

Hon Hai also argues that this Court has subject matter jurisdiction over its patent claims because "Wi-LAN has demanded that Hon Hai make royalty payments pursuant to a license agreement covering [the '402 Patent]."  Opp. at 1.  According to Hon Hai, this demand

---

[1] *Employers Ins. v. Fox Entm't Grp., Inc.,* 522 F.3d 271, 275 (2d Cir. 2008), which Hon Hai relies upon in making this point, does not support Hon Hai's claim that the first-to-file rule is inapplicable here.  Opp. at 7.  There, unlike here, the first-filed action was a declaratory judgment action that was filed in the absence of a direct threat of litigation.

establishes federal subject matter jurisdiction under *MedImmune, Inc v. Genentech, Inc.,* 549 U.S. 118 (2007) and *Powertech Tech. Inc. v. Tessera, Inc.,* 660 F.3d 1301 (Fed. Cir. 2011).  Opp. at 1.  Hon Hai alternatively argues federal jurisdiction exists because Wi-LAN's affirmative claim requires an interpretation of a regulation set forth by the Federal Communications Commission.  All of these arguments fail to save Hon Hai's claims from dismissal.[2]

      A.     <u>*MedImmune* Does Not Confer Jurisdiction Over Hon Hai's Claims</u>[3]

As an initial matter, *MedImmune* does not provide a "facile, all-purpose standard" that may be used to draw bright lines to decide the sufficiency of a declaratory judgment claim.  *Cat Tech LLC v. TubeMaster, Inc.,* 528 F.3d 871, 879 (Fed. Cir. 2008).  Rather, the Court must consider the totality of the circumstances, "calibrate" the analysis to the particular facts of the case and use *MedImmune* as a guide.  *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1336 (Fed. Cir. 2008).  When the totality of the circumstances is considered here, it is apparent that *MedImmune* is readily distinguishable.

First, in *Medimmune*, the license agreement at issue was explicitly tied to infringement of the subject patent. The licensee agreed to pay royalties on sales of "Licensed Products," which were defined "as a specified antibody, 'the manufacture, use or sale of which. . .would, if not licensed under th[e] Agreement, infringe one or more claims of either or both of [the covered patents,] which have neither expired nor been held invalid. . .'"  *MedImmune,* 549 U.S. at 121-122.  Thus, demanding a royalty payment was tantamount to asserting the patent was infringed

---

[2] Hon Hai's reliance on *ABB Inc. v. Cooper Indus., LLC,* 635 F.3d 1345 (Fed. Cir. 2011), *Micron Tech., Inc. v. Mosaid Techs., Inc.,* 518 F.3d 897 (Fed. Cir. 2008) and *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372 (Fed. Cir. 2007) as supporting jurisdiction is also misplaced.  Opp. at 4, 9.  In those cases, there was no pending action to enforce a patent license when declaratory relief was sought.

[3] The arguments set forth in this section also establish that Claim 1 (Hon Hai's noninfringement claim) is not adequately pled and should be dismissed under 12(b)(6).

5

by the licensed products. That is not the case here. As demonstrated by the Florida Action, Wi-LAN has explicitly linked its royalty demand to a non-patent based definition of "V-Chip Receiver." It has *not* sought royalties based on an infringement theory. *See* Decl. Ex. B, § 1.1.

*MedImmune* is also distinguishable because the defendant's demand for royalty payments reflected a threat to terminate the license, such that the plaintiff faced the risk of a future patent infringement suit if it stopped paying royalties. *MedImmune,* 549 U.S. at 128. In contrast, Wi-LAN has made no such threat and has taken no steps to terminate the V-Chip Agreement. Decl. Exs. G, H. Wi-LAN has instead chosen to enforce the Agreement, as shown by the Florida Action, and is arguing Hon-Hai is in breach and owes breach of contract damages. *See* Decl. Ex. C, ¶ 1. Any judgment that explicitly or implicitly finds the V-Chip Agreement is an enforceable license, will necessarily preclude a future suit by Wi-LAN for patent damages, no matter who wins on the contract interpretation issue. *See Johnson v. Way Cool Mfg., LLC,* 20 Fed. Appx. 895, 898-99 (Fed. Cir. 2001) (holding infringement claim cannot succeed if license authorized the practice of the patent); *see also Tessera, Inc. v. Int'l Trade Comm'n,* 646 F.3d 1357, 1361-62 (Fed. Cir. 2011) (holding previously-licensed products do not become unlicensed when royalty payments lapsed); *see also Carborundum Co. v. Molten Metal Equip. Innovations, Inc.,* 72 F.3d 872, 878 (Fed. Cir. 1995) ("an express license, is a defense to patent infringement.").[4]

---

[4] In any event, Hon Hai's assertion that there is a possibility that Wi-LAN might someday sue for patent infringement is insufficient to demonstrate an immediate controversy warranting the exercise of jurisdiction here since the parties are already engaged in litigation under the V-Chip Agreement and Wi-LAN has not asserted a claim for infringement. *See Verance Corp. v. Digimarc Corp.*, No. 10-831, 2011 WL 2182119, *5 (D.Del. Jun. 2, 2011) (no jurisdiction over declaratory judgment action where patentee filed contract claim); *Finisar Corp. v. JDS Uniphase Corp.,* No. 08-3388, 2009 WL 801526, *4 (N.D. Cal. Mar. 25, 2009) (dismissing declaratory judgment action where patentee intended to file contract action.). Additionally, Hon Hai wrongly asserts that *Verance Corp.* is no longer good law, as the decision does not rely on the overturned district court ruling in *Powertech* as Hon Hai contends but rather on *MedImmune,* which governs the existence of jurisdiction here. *See Verance,* 2011 WL 2182119 at *3-7.

B.  *Powertech* Does Not Confer Jurisdiction Over Hon Hai's Claims

Hon Hai next argues that this Court has federal subject matter jurisdiction under *Powertech Tech. Inc. v. Tessera, Inc.,* 660 F.3d 1301 (Fed. Cir. 2011) because the parties disagree as to whether Hon Hai's royalty obligations are contingent on a finding of infringement of the '402 Patent. Opp. at 4. *Powertech* does not apply here, however. In *Powertech,* the Federal Circuit held that the District Court erred in dismissing a declaratory judgment action for noninfringement because the scope of the license was not tied to a finding of infringement, where it did not first hear extrinsic evidence as to the proper interpretation of the license. *Powertech,* 660 F.3d at 1308. The Court explicitly based this holding on the fact that California law (which governed the agreement) required the District Court to consider extrinsic evidence "to explain the meaning of terms that are otherwise unambiguous." *Id.* at 1310, n.7. Thus, the Court held that the District Court prematurely construed the contract at the pleading stage. *Id.*

The V-Chip Agreement, in contrast, is governed by New York law, which prohibits consideration of extrinsic evidence *unless* a contract is ambiguous, which neither side has alleged. *See Brad H. v. City of N.Y.*, 17 N.Y.3d 180, 186 (N.Y. 2011); *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569-570 (N.Y. 2002); Decl. Ex. F at 7. New York courts routinely resolve disputes concerning contract construction in the context of a motion to dismiss. *See, e.g. Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324 (2007). The holding in *Powertech,* therefore, does not apply here. *See Freescale Semiconductor v. ChipMOS Techs.,* No. 09-cv-3689, 2012 WL 1094644, *2-3 (N.D.Cal. Mar. 30, 2012) (concluding *Powertech* did not apply where extrinsic evidence was inadmissible to construe contract).[5]

---

[5] Hon Hai cites to several other decisions for the proposition that a "determination of whether royalties are due . . . requires a determination of infringement." Opp. at 4-5. In each of these cases (unlike here), federal jurisdiction was found because either the complaint or the license

7

    C.    The Florida Action Does Not Require a Determination of Federal Law

Hon Hai alternatively argues that even if this Court accepts Wi-LAN's interpretation of the V-Chip Agreement, its claims are subject to federal jurisdiction because the Florida Action allegedly "requires a determination of the requirements under 47 CFR 15.120(e)." Opp. at 4-5. As Wi-LAN demonstrated in its Motion, federal jurisdiction over contract claims is limited to cases that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Mot. at 14. This case does not meet this standard. Section 47 CFR 15.120(e) delineates standards that must be met by manufacturers of "television broadcast receivers," and is quite obviously used as shorthand to describe the V-Chip Receivers that are subject to Hon Hai's royalty obligations. *See* Decl. Ex. B. § 1.1. Hon Hai has not alleged that its V-Chip Receivers do not meet the requirements of this regulation, nor could it, assuming its prior sales in the United States have been lawful. In any event, a mere reference to federal law in a contract does not confer federal jurisdiction. *See In re Reserve Fund Sec. & Derivative Litig.*, No. 09-cv-782, 2009 WL 3634085, *6 (S.D.N.Y. Nov. 3, 2009) (collecting cases).

## III.    HON HAI'S COMPLAINT FAILS TO STATE A CLAIM

Hon Hai finally argues that dismissal is not warranted because it has adequately pleaded each of its claims. This argument also fails.

Hon Hai's argument against dismissal of Claim 2, its invalidity claim, is unavailing. Effectively, Hon Hai argues that the Court should simply ignore the two decisions applying

---

agreements at issue expressly raised the issue of infringement. *See Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th Cir. 1997); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 478 (Fed. Cir. 1993); *Kleinerman v. Luxtron Corp.*, 107 F.Supp.2d 122, 124 (D. Mass 2000); *Regents of Univ. of Minn. v. Glaxo Wellcome, Inc.*, 58 F.Supp.2d 1036, 1038 (D. Minn. 1999); *U.S. Valves, Inc. v. Dray,* 190 F.3d 811, 813, n.7 (7th Cir. 1999).

Second Circuit law cited in Wi-LAN's Motion, Mot. at 16, in favor of contrary decisions by other district courts. *See* Opp. at 10-11. Simply put, these decisions do not apply Second Circuit law. Moreover, they are based on local patent rules, which have not been adopted by this Court.[6]

With respect to Hon Hai's patent misuse claim, Claim 3, Hon Hai argues it was not required to plead market power because its misuse claim is not based on 35 U.S.C. § 271(d) or a tying theory. Opp. at 11-12. This argument is contradicted by Hon Hai's admission that its misuse claim is based on the contention that "Wi-LAN has committed patent misuse by attempting to interpret a patent license in a manner that allows it to collect royalties on products not covered by the '402 Patent." Opp. at 12. If this is not a tying theory, it is unclear what legal basis there is for Hon Hai's claim. Tying involves "condition[ing the] sale of a patented product (the 'tying' product) on the purchase of a second product," and requires a showing of market power. *Illinois Tool Works Inc. v. Indep. Ink, Inc.,* 547 U.S. 28, 31, 42-43, 46 (2006). *See also* 35 U.S.C. §271(d). This is what Hon Hai alleges here, minus the critical allegation of market power. The only decision that Hon Hai points to in arguing otherwise – *MACTEC, Inc. v. Gorelick* – is based on case law that was explicitly rejected by the Supreme Court in *Illinois Tool*. *See Illinois Tool Works,* 547 U.S. at 42-43 (abrogating *Morton Salt Co. v. G.S. Suppiger Co.,* 314 U.S. 488 (1942), which is the authority relied upon in *MACTEC*).[7]

Finally, in defense of Hon Hai's "nonbreach" claim, Claim 4, Hon Hai contends it is not

---

[6] *See, e.g. Pfizer Inc. v. Apotex Inc.,* 726 F.Supp.2d 921, 938 (N.D.Ill. 2010) (applying 7th Circuit law); *Teirstein v. AGA Med. Corp.,* No. 6:08-cv-14, 2009 WL 704138 at *5 (E.D. Tex. Mar. 16, 2009) (applying 5th Circuit law); *Palmetto Pharms. LLC v. Astrazeneca Pharms. LP*, 2012 U.S. Dist. LEXIS 177185 at *20 (D.S.C. Nov. 6, 2012) (applying 4th Circuit law); *Microsoft Corp. v. Phoenix Solutions,* Inc., 741 F.Supp.2d 1156, 1159 (C.D.Cal. 2010) (applying 9th Circuit law) (cited at Opp. at 10-11).

[7] Hon Hai's reliance on *Princo Corp. v. ITC* is also misplaced, as the Court found no patent misuse, and held that § 271(d)(5) was not implicated. 616 F.3d 1318, 1330-31 (Fed. Cir. 2010). The Court did not hold that market power is not an element of Hon Hai's theory of misuse.

required to identify the particular contractual provisions that are the subject of its claim, and that the Complaint plainly seeks a declaration that Hon Hai "is in compliance with every provision of the agreement." Opp. at 12. Hon Hai offers *no legal authority* to support its argument that this states a viable claim for relief, particularly given its failure to allege that the parties' dispute extends to *every provision* of the V-Chip Agreement. As Wi-LAN demonstrated in its Motion, this Court previously dismissed a very similar claim in *Nat'l Union Fire,* 2003 WL 21277114 at *5. *See* Mot. at 17-18. Rather than respond to this argument directly, Hon Hai wrongly accuses Wi-LAN of "egregiously" mischaracterizing the allegations in the Complaint. The allegations, however, make clear that Wi-LAN has not pleaded a live controversy over *every provision* of the V-Chip Agreement and is seeking a prospective determination of its rights.

## CONCLUSION

For the reasons set forth above and in Wi-LAN's Memorandum of Law in Support of its Motion to Dismiss, Wi-LAN respectfully urges this Court to dismiss Hon Hai's Complaint or alternatively stay this action pending the outcome of the Florida Action.

Dated: February 4, 2013                     Respectfully submitted,

/s/ Constance S. Huttner
Constance S. Huttner
Stephanie Lollo Donahue
Armita S. Cohen
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26th Floor
New York, NY 10103
Tel: (212) 237-0000
Fax: (212) 237-0100
chuttner@velaw.com
sdonahue@velaw.com
acohen@velaw.com

*Attorneys for Defendant Wi-LAN Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule 5.2 via the Court's CM/ECF system or served via electronic mail on all individuals not registered for CM/ECF notifications in this action on February 4, 2013, and, as such, was served on all counsel of record.

/s/ Constance S. Huttner
Constance S. Huttner
