UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

HON HAI PRECISION INDUSTRY CO.,
LTD.,

                      Plaintiff,

        - against -

WI-LAN, INC.,

                      Defendant.
_____X

**OPINION AND
ORDER**

**12 Civ. 7900  (SAS)**



SHIRA A. SCHEINDLIN, U.S.D.J.:

I.      INTRODUCTION

Hon Hai Precision Industry Co., Ltd. ("Hon- Hai"), a Taiwanese

company, seeks a declaratory judgment that U.S. Patent No. 5,828,402 (the "'402

Patent"), owned by Wi-LAN, Inc. ("Wi-LAN"), a Canadian company, is invalid

and/or unenforceable.  Hon Hai also seeks a declaration that certain of its products

do not infringe the '402 Patent, and that it has not breached its licensing agreement

with Wi-LAN.

Wi-LAN moves to dismiss or stay the complaint (or portions thereof)

on the grounds that: (1) the Court lacks subject matter jurisdiction; (2) the first-

filed state court action for breach of contract brought by Wi-LAN should be given

preference; (3) a declaratory judgment with respect to the patent claims will not

resolve the parties' dispute; (4) Hon Hai does not allege supplemental jurisdiction

for its non-breach claim; and (5) failure to state a claim.  For the reasons stated

below, Wi-LAN's motion is granted in part and denied in part.

## II.    BACKGROUND[1]

### A.    The License Agreement

The '402 Patent, which Wi-LAN owns by assignment,[2] is titled

"Method And Apparatus for Selectively Blocking Audio and Video Signals."  It

relates to technology that allows consumers to place content-based restrictions on

television programs.[3]  Through a contract executed on January 22, 2008 (the

"Agreement"), Wi-LAN licensed this technology to Hon Hai in exchange for Hon

Hai's promise to pay royalties and account for its sale of licensed products.[4]

Specifically, through the Agreement, Wi-LAN "grant[ed]" Hon-Hai a

"non-exclusive license under the ['402] Patent to incorporate, utilize, buy, make

(as an ODM/OEM), have made, import, export, use, offer to sell and sell V-Chip

---

[1]    The facts stated below are drawn from the submissions of the parties. Only the facts alleged in the Complaint will be considered in deciding Wi-LAN's motion under Federal Rule of Civil Procedure 12(b)(6).

[2]    *See* Complaint for Declaratory Judgment ("Compl.") ¶ 8.

[3]    *See* '402 Patent at col. 1:14-20.

[4]    *See* Compl. ¶ 9.  *See also* License Agreement ("Agreement"), Ex. B to 1/7/13 Declaration of Armita S. Cohen, counsel to Wi-LAN ("Cohen Decl.").

2

Receivers in [the United States of America and its territories and possessions]. . .

."[5]  The Agreement defines "V-Chip Receiver" as:

> any television receiver (with or without a display) which utilizes any aspect of, or the use of which is within the scope of, the ['402] Patent and, without limitation, a V-Chip Receiver is a receiver capable of: (1) blocking programming in accordance with 47 CFR 15.120(e), as amended; and (2) receiving a transport stream, which includes program rating system information, such as, by way of example only and without limitation, an ATSC signal such as any digital television receiver, set-top box, DVD recorder, desktop or notebook computer or other digital products containing an ATSC tuner.[6]

The Agreement states that it will terminate when the '402 Patent expires.[7]  It also provides for early termination upon breach by one party, written notice by the non-breaching party, failure to cure, and a second notice of breach.[8]

Finally, the Agreement contains the following choice of law and forum selection provision:

> This Agreement shall be interpreted in accordance with the laws of the State of New York, USA.  Any dispute, controversy, or difference which may arise between parties hereto out of or in

---

[5]      Agreement § 2.1.  *Cf. id*. § 8.1 (provision in which Wi-LAN warrants that it is the owner of the '402 Patent and has authority to enter into the Agreement and bind Hon Hai to its provisions).

[6]      *Id*. § 1.1.

[7]      *Id*. § 11.1.

[8]      *See id*. § 11.2.

connection with this Agreement, or any breach thereof, will, if Wi-LAN so elects, may [*sic*] be resolved by the appropriate tribunals in the State of New York, USA, to whose non-exclusive jurisdiction the parties attorn, and whose decisions shall be binding upon the parties, and which decisions may be enforced in any jurisdiction.[9]

**B.  Wi-LAN's Action for Breach of Contract in Florida State Court**

On February 3, 2011, Wi-LAN sent a written notice of breach to Hon Hai demanding royalty payments for certain products that, Wi-LAN alleged, were covered by the Agreement.[10]  Hon Hai sent multiple written responses stating that it was not obligated to pay because the products in question do not practice the '402 Patent, and because the '402 Patent is invalid and/or unenforceable.[11]  Wi-LAN responded by sending a second notice of breach to Hon Hai on July 6, 2012.[12]

---

[9]      *Id*. § 13.1.

[10]     *See* Compl. ¶ 11.

[11]     *See id*. ¶¶ 12-14.  The basis for Hon Hai's contentions was the allegedly similar products at issue in an unsuccessful patent-infringement action brought by Wi-LAN against LG Electrics.  *See Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 10 Civ. 432, 2012 WL 760148 (S.D.N.Y. Mar. 7, 2012) (granting defendant's motion for summary judgment of non-infringement of the '402 Patent), *aff'd*, 493 Fed. App'x 103 (Fed. Cir. 2012).  Because LG Electrics asserted its invalidity contentions — which appear to be identical to Hon Hai's — as affirmative defenses, rather than counterclaims, the court's finding of non-infringement rendered them moot.  *See Solomon Techs., Inc. v. International Trade Comm.*, 524 F.3d 1310, 1319 (Fed. Cir. 2008).

[12]     *See* Compl. ¶ 15.

Hon Hai alleges in the Complaint that it considers the July 6 notice of breach to be a "clear threat" by Wi-LAN to terminate the Agreement and sue for infringement of the '402 Patent.[13]  Hon Hai further alleges that a justiciable controversy exists between the parties because of this threat, and because of Hon Hai's belief that it does not owe royalties, either due to its non-infringement or due to the '402 Patent's invalidity.[14]

Hon Hai initiated this action on October 23, 2012.  However, Wi-LAN won the race to the courthouse by filing an action for breach of contract (the "Florida Action") against Hon Hai in the Seventeenth Judicial Circuit Court in and for Broward County, Florida on October 1, 2012.[15]

On October 24, 2012, Hon Hai removed the Florida Action to the Southern District of Florida, alleging that Wi-LAN's claim for breach of contract "necessitates a determination of patent infringement of whether Hon Hai's V-Chip Receivers infringe the '402 Patent and therefore raises a federal question that is

---

[13]     *See id.* ¶ 16.

[14]     *See id.* ¶¶ 17-19.

[15]     *See* First Amended Compl. ("FAC"), *Wi-LAN Int'l Taiwan Inc. v. Hon Hai Precision Indus. Co.* ("Florida Federal Action"), No. 12 Civ. 62097 (S.D. Fla. Nov. 21, 2012), Ex. C to Cohen Decl.  The Plaintiff in the Florida action is Wi-LAN International Taiwan Inc., a wholly-owned subsidiary of Wi-LAN.  I will refer to them both as simply "Wi-LAN."

sufficient to confer jurisdiction."[16]  On November 21, 2012, Wi-LAN filed a

motion to remand to state court, and on April 24, 2013 — after the pending matter

had been fully submitted — the motion was granted.[17]

## III.   LEGAL STANDARD

### A.   Standard of Review

#### 1.   Motion to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of

a claim when a federal court lacks subject matter jurisdiction.  The proponent of

jurisdiction (normally the plaintiff) bears the burden of establishing subject matter

jurisdiction by a preponderance of the evidence.[18]  A federal court may only

exercise jurisdiction over live cases and controversies.[19]

In considering a motion to dismiss for lack of subject matter

jurisdiction, "'the court must take all facts alleged in the complaint as true and

---

[16]   Notice of Removal, Ex. A to the Cohen Decl., ¶ 17.

[17]   *See* 4/24/13 Order Granting Plaintiff's Motion to Remand, Florida Federal Action, Doc. No. 53.

[18]   *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). *See also Goonewardena v. New York*, No. 05 Civ. 8554, 2007 WL 510097, at *6 (S.D.N.Y. Feb. 14, 2007) ("[T]he burden of demonstrating that the court has subject matter jurisdiction over the case falls on the plaintiff[,] as it is the plaintiff who seeks to invoke the court's jurisdiction.").

[19]   *See, e.g., Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (citation omitted).

draw all reasonable inferences in favor of plaintiff.'"[20]  However, "'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"[21]  In fact, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."[22]  "In deciding the motion, the court 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits.'"[23]

### 2.      Motion to Dismiss Under Rule 12(b)(6)

#### a.      Pleading Under Rule 8

A pleading must contain "a short and plain statement of the claim

---

[20]      *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)).

[21]      *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).  *Accord London v. Polishbook*, 189 F.3d 196, 199 (2d Cir. 1999) (citations omitted) ("[I]t is the affirmative burden of the party invoking [federal subject matter] jurisdiction . . . to proffer the necessary factual predicate [—] not just an allegation in a complaint [—] to support jurisdiction.").

[22]      *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999).

[23]      *Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills*, 701 F. Supp. 2d 568, 580–81 (S.D.N.Y. 2010) (alteration in original) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

showing that the pleader is entitled to relief."[24]  "Such a statement must [] 'give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests.'"[25]  In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court

"must accept all non-conclusory factual allegations as true and draw all reasonable

inferences in the plaintiff's favor."[26]  The court evaluates the sufficiency of the

complaint under the "two-pronged approach" suggested by the Supreme Court in

*Ashcroft v. Iqbal*.[27]  Under the first prong, a court "'can . . . identify[] pleadings

that, because they are no more than conclusions, are not entitled to the assumption

of truth.'"[28]  Thus, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice" to withstand a motion to

dismiss.[29]

---

[24]     Fed. R. Civ. P. 8(a)(2).

[25]     *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007)).

[26]     *Simms v. City of New York*, No. 11 Civ. 4568, 2012 WL 1701356, at *1 (2d Cir. May 16, 2012) (citing *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008)).

[27]     556 U.S. 662, 678-79 (2009).

[28]     *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).  *Accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

[29]     *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555).

8

Under the second prong of *Iqbal*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[30]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31]

### b.    Pleading Direct Infringement

The Appendix to the Federal Rules of Civil Procedure provides forms exemplifying sufficiently-pled complaints.  Rule 84 states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate[,]" and The Advisory Committee Notes to the 1946 amendment of Rule 84 states that "[t]he amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent."

On this basis, and on the basis that the Federal Rules of Civil

---

[30]      *Id.* at 679.  *Accord Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S.Ct. 1659 (2013).

[31]      *Iqbal*, 556 U.S. at 678 (quotation marks omitted).

9

Procedure must be altered by amendment, rather than judicial interpretation,[32] the Federal Circuit has held that pleadings conforming to the Forms are sufficient to state a claim, even when they do not meet the *Twombly* standard.[33]  Specifically, the Federal Circuit has held that "whether [a complaint] adequately plead[s] direct infringement is to be measured by the specificity required by Form 18,"[34] which requires only:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.[35]

This is less stringent than the plausibility standard.  For example, under Form 18, "a plaintiff need not even identify which claims it asserts are being infringed."[36]

Because the pleading standard on a motion to dismiss is a purely procedural issue, the law of the regional Circuit governs, and so Federal Circuit

---

[32]     *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

[33]     *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).

[34]     *Id.*

[35]     *Id.* (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

[36]     *Id.* at 1335.

precedent interpreting Rule 84 is merely persuasive authority.[37]  Moreover, the

Federal Circuit's holding is limited to "measuring only the sufficiency of

allegations of direct infringement, and not indirect infringement."[38]

**B.      Subject Matter Jurisdiction**

**1.      Constitutional and Statutory Basis**

A federal district court may exercise jurisdiction only if so authorized

by the Constitution and by statute.[39]  The Constitution extends the federal judicial

power to, inter alia, all cases and controversies arising under the Constitution, laws,

and treaties of the United States.[40]  Title 28 of the United States Code, Section

1331 grants district courts original jurisdiction over all civil actions arising under

the laws of the United States, and Section 1338(a) provides federal district courts

with original and exclusive jurisdiction over cases arising under the federal patent

laws.

Section 1367(a) permits district courts to exercise supplemental

---

[37]      *See id.* at 1331 (citations omitted).

[38]      *Id.* at 1336.

[39]      *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552
(2005) ("The district courts of the United States, as we have said many times, are
courts of limited jurisdiction. They possess only that power authorized by [the]
Constitution and [by] statute.") (quotation marks and citation omitted).

[40]      *See* U.S. Const. art. III, § 2.

jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A district court may decline to exercise such jurisdiction when it has dismissed all claims over which it had original jurisdiction.[41]

### 2.    Jurisdiction Over a Declaratory Judgment Action

The Declaratory Judgment Act (the "Act"), Title 28 of the United States Code, section 2201(a), provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The Act does not furnish an independent basis for jurisdiction.[42] Instead, it creates a remedy allowing immediate federal review of a controversy when an immediately enforceable remedy, such as damages or an injunction, is not

---

[41]    *See* 28 U.S.C. § 1367(c)(3).

[42]    *See, e.g., Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, Agricultural Implement Workers of America, Intern. Union*, 523 U.S. 653, 660 n.3 (1998) (collecting cases).

sought.[43]  In determining whether subject matter jurisdiction exists over a

declaratory judgment action, it is necessary to consider: (1) whether there is an

"actual controversy" between the parties, within the meaning of Article III; and (2)

whether subject matter jurisdiction would exist over that controversy, were it

brought as a coercive action.[44]

### a.    Justiciability

The party seeking declaratory judgment bears the burden of

"'establishing the existence of an actual case or controversy.'"[45]  An actual

controversy is "'real and substantial . . . admitting of specific relief through a

decree of a conclusive character, as distinguished from an opinion advising what

the law would be upon a hypothetical state of facts.'"[46]

---

[43]    *Cf. Allan Block Corp. v. County Materials Corp.* 512 F.3d 912, 916 (7th Cir. 2008) (noting that a suit seeking only a declaratory judgment gives rise to issue preclusion, but not claim preclusion) (citations omitted).

[44]    *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983).

[45]    *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)); 28 U.S.C. § 2201(a).

[46]    *E.R. Squibb & Sons, Inc. v. Lloyd's & Co.'s*, 241 F.3d 154, 177 (2d Cir. 2001) (citation omitted) (quoting *Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993)).  *Accord Association for Molecular Pathology v. U.S. Patent & Trademark Office* ("*AMP*"), 653 F.3d 1329, 1342–43 (Fed. Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

In the context of patent disputes, an actual controversy requires "an injury in fact traceable to the patentee," which only exists if plaintiffs have alleged "both (1) an affirmative act by the patentee related to the enforcement of [its] patent rights, and (2) [at least] meaningful preparation to conduct potentially infringing activity."[47]   That a party's liability may be contingent "'does not necessarily defeat jurisdiction of a declaratory judgment action.'"[48]   Instead, "'courts should focus on the practical likelihood that the contingencies will occur[]."[49]

To determine whether a declaratory judgment action presents a redressable injury, courts consider:  "'(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved[,] and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.'"[50]

---

[47]   *AMP*, 653 F.3d at 1343 (citing *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380–81 (Fed. Cir. 2007)).

[48]   *SR Int'l Bus. Ins. Co. v. Allianz Ins. Co.*, 343 Fed. App'x 629, 632 (2d Cir. 2009) (citation omitted) (quoting *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992)).

[49]   *Employers Ins. of Wausau v. Fox Ent. Group, Inc.*, 522 F.3d 271, 278 (2d Cir. 2008) (citation omitted) (alteration in original) (quoting *E.R. Squibb & Sons, Inc.,* 241 F.3d at 177).  *See also MedImmune*, 549 U.S. at 128 n.8 (noting that, when a licensee is threatened with a patent infringement action, standing and ripeness "boil down to the same question").

[50]   *Niagara Mohawk Power Corp. v. Hudson River-Black River*, 673 F.3d 84, 105 (2d Cir. 2012) (quoting *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357,

There must be "an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff had preempted it," because otherwise "any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction."[51]  In particular, "[t]he mere existence of a potentially adverse patent does not cause an injury [or] create an imminent risk of an injury; absent action by the patentee, a potential [infringer] is legally free to market its product in the face of an adversely-held patent."[52]

**b.   'Arising-Under' Jurisdiction**

Although the judicial power of Article III extends to all cases where federal law supplies a necessary ingredient,[53] it has long been recognized that the statutory grant of jurisdiction to district courts is not so expansive.  For the purposes of statutory jurisdiction, a case "arises under" federal law only if: (1) the

---

359 (2d Cir. 2003)).

[51]   *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011) (internal quotation marks omitted).

[52]   *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1338 (Fed. Cir. 2008) (internal quotation marks and alteration omitted).

[53]   *Osborn v. Bank of the United States*, 22 U.S. 738, 822-827 (1824) (Marshall, J.).

(hypothetical) well-pleaded complaint alleges a cause of action created by federal law;[54] or, (2) "'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. . . .'"[55]

The second category is narrow, and applies only when the plaintiff's case necessarily raises a substantial issue of federal law that will have wide precedential value.[56]  It is always necessary that the federal ingredient arise as an element of the *plaintiff's* case: federal defenses, or even compulsory counterclaims, do not give rise to subject matter jurisdiction.[57]

### C.    Parallel Proceeding Abstention

---

[54]    *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 258 (1916) (Holmes, J.) ("A suit arises under the law that creates the cause of action.").

[55]    *Christianson v. Colt Indust. Operating Corp.*, 486 U.S. 800, 808 (1988) (holding that the same jurisdictional analysis applies to 28 U.S.C. § 1338 as applies to 28 U.S.C. § 1331) (quoting *Franchise Tax Board of California*, 463 U.S. at 27-28).

[56]    *Compare Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) (holding that arising under jurisdiction existed in quiet-title action where the only issue in the case was whether the taxpayer had received sufficient notice of the tax-sale of his house under federal law) *with Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) (holding that the mere influence of federal law on the outcome of a contract (or tort) suit is insufficient to support arising-under jurisdiction).

[57]    *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 834 (2002) (holding that compulsory counterclaim for patent infringement did not cause trade dress action to arise under the patent laws).

The Florida Action's remand to state court moots the parties'

contentions relating to parallel federal proceeding abstention (the "first-filed

rule").[58]  Because federal courts have a "virtually unflagging obligation . . . to

exercise the jurisdiction given them. . . . the pendency of an action in the state court

is no bar to proceedings concerning the same matter in the Federal court having

jurisdiction."[59]  Federal court abstention due to parallel state court proceedings is

justified only in exceptional circumstances, and is strongly disfavored when

"federal law provides the rule of decision on the merits. . . ."[60]

**D.    Leave to Amend**

Whether to permit a plaintiff to amend its complaint is a matter

committed to a court's "sound discretion."[61]  Rule 15(a) provides that leave to

amend a complaint "shall be freely given when justice so requires."  "When a

motion to dismiss is granted, the usual practice is to grant leave to amend the

---

[58]    *See Kytel Intern. Group, Inc. v. Rent A Ctr., Inc.*, 43 Fed. App'x 420, 422 (2d Cir. 2002) (explaining that the first-filed rule does not apply in cases of parallel state and federal proceedings).

[59]    *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quotation marks and citations omitted).

[60]    *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23 (1983).

[61]    *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

17

complaint."[62]  Leave to amend should be denied when the proposed amendment would be futile.[63]

## IV.    DISCUSSION

### A.    Subject Matter Jurisdiction

#### 1.    Subject Matter Jurisdiction Exists over Hon Hai's Patent Claims

This case illustrates a procedural technique that is well known to sophisticated members of the patent bar.  It is a general rule of preclusion that when a claim is reduced to judgment, all causes of action arising out of the transactions or occurrences that gave rise to the claim are extinguished by the judgment, and may not be asserted elsewhere.[64]  This rule prevents plaintiffs from splitting their claims across multiple tribunals, and applies even where, in the second action, the plaintiff presents "evidence or grounds or theories of the case not presented in the first action[,]" or seeks "remedies or forms of relief not

---

[62]    *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

[63]    *See, e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002).

[64]    *See* Restatement (Second) of Judgments § 24(a) ("When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.").

demanded in the first action."[65]

> An exception to this rule against claim-splitting arises when:
>
> The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts . . . multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief. . . .[66]

The federal enforcement of state court judgments turns on the preclusion law of the rendering state. As the Supreme Court has noted, "[i]f state preclusion law includes th[e] requirement of prior jurisdictional competency [stated in Section 26(1)(c) of the Restatement (Second) of Judgments], which is generally true, a state judgment will not have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts."[67] Notably, "Florida's preclusion laws do not permit a prior state court judgment to act as a bar to claims over which the state court did not have subject matter jurisdiction."[68]

---

[65]   *Id.* § 25.

[66]   *Id.* § 26(1)(c).

[67]   *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985).

[68]   *Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1393 (11th Cir. 1996) (holding that antitrust claim was not extinguished by state court judgment arising out of the same nucleus of operative facts).

The strategic application of these doctrines to patent cases is clear.  It is not uncommon that, as in this case, a licensee's activities will give rise to claims for both patent infringement and breach of contract.  Because patent law is exclusively federal, the patentee may assert an action for breach of contract in state court first, then, if it sees fit, it may also assert a separate action for patent infringement in federal court.  Given that a state court may not hear claims arising out of the patent laws, this is an acceptable procedural choice.[69]

Wi-LAN appears to have adopted this very strategy.  In order to avoid federal court in the first instance, it confined its notices to breach of the licensing agreement, rather than patent infringement, even though it is a virtual certainty that the two are identical.[70]  On this basis, it now maintains that the controversy between the parties sounds solely in breach of contract, and that this Court therefore lacks jurisdiction, because Hon Hai's declaratory patent claims would arise as *defenses* to that breach of contract action.[71]

This argument is foreclosed by controlling precedent.  The Supreme

---

[69]    *Cf. AvMed, Inc. v. Sheridan Healthcorp, Inc.*, No. 09 Civ. 23851, 2010 WL 3008811, at *4 (S.D. Fla. July 28, 2010) (noting that state courts lack jurisdiction to hear patent invalidity counterclaims).

[70]    *See* 6/6/12 Letter from Wi-LAN to Hon Hai, Ex. G to Cohen Decl.

[71]    *See* Defendant Wi-LAN Inc.'s Memorandum of Law in Support of Its Motion to Dismiss Hon Hai's Complaint ("Def. Mem.") at 12.

Court has held that a controversy under the patent laws exists even when a licensee has fully performed under the license, albeit in protest, because "the involuntary or coercive nature of the exaction preserves the right to recover the sums paid or to challenge the legality of the claim."[72]  It follows that a controversy under the patent laws also arises when the patent holder and licensor asserts that the licensee has allegedly *breached* the license (and infringed the patent).

Relatedly, Wi-LAN's convoluted argument that its right to relief is purely contractual because the Agreement's definition of "V-Chip Receiver" is disjunctive and more expansive than the '402 Patent misses the mark.[73]  Although a valid license may be asserted as an affirmative defense to a claim of patent infringement,[74] this is irrelevant to the analysis of subject matter jurisdiction.[75]

Wi-LAN asserts that there is no real controversy because New York

---

[72]     *MedImmune*, 549 U.S. at 131.

[73]     *See* Wi-LAN's Reply Memorandum of Law in Further Support of Its Motion to Dismiss Hon Hai's Complaint, or, in the Alternative, to Stay ("Reply Mem.") at 5-6.

[74]     *See, e.g., Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995).

[75]     *See MedImmune*, 549 U.S. at 124 n.3.  *Accord Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1305, 1308-10 (Fed. Cir. 2011) ("The Supreme Court in *MedImmune* made clear that . . . the issue of contract interpretation is a merits issue, not appropriate to decision on a motion to dismiss under Rule 12(b)(1).").

law forecloses looking to extrinsic evidence to interpret an ambiguous contract.[76]

However, this merely strengthens the conclusion that the controversy between the

parties arises under the patent law.  The Agreement's definition of V-Chip

Receivers reads on to the claims of the '402 Patent,[77] and its termination provisions

show that, under the circumstances alleged in the Complaint, Wi-LAN is entitled to

terminate the Agreement and sue for patent infringement.[78]

Finally, because of the procedural technique discussed above, Wi-

LAN's argument that the Florida Action removes the threat of a patent

infringement action against Hon Hai rings hollow.[79]  Likewise, under the

circumstances, Wi-LAN's unilateral assurances that it has no present intent to sue

for patent infringement do nothing to alter the conclusion that there is a justiciable

---

[76]     *See* Reply Mem. at 7 (". . . New York law[] [] prohibits consideration of extrinsic evidence *unless* a contract is ambiguous, which neither side has alleged.") (emphasis in original) (citing *Brad H. v. City of N.Y.*, 17 N.Y.3d 180, 186 (2011) (further citations omitted).

[77]     *See* Agreement § 1.1.

[78]     *See id*. § 11.2.

[79]     *See* Def. Mem. at 13 n.5 ("[I]n light of the fact that Wi-LAN [] has sued Hon Hai [in Florida] solely for breach of contract and not infringement, Hon Hai has failed to establish that it faces a real and imminent threat of defending against a claim to enforce the '402 Patent. . . .").

controversy underlying this declaratory judgment action.[80]

Hon Hai alleges that, while under license from Wi-LAN, it received a veiled threat from Wi-LAN of patent enforcement.[81]  It further alleges that Wi-LAN had recently initiated a patent-infringement action on similar grounds against another company,[82] further strengthening Hon Hai's apprehension of suit.[83]  These facts, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[84]  Wi-LAN's motion to dismiss the complaint for lack of subject matter jurisdiction is denied.

### 2. Hon Hai's Non-Breach Claim Is Dismissed with Leave to Amend

Finding jurisdiction over Hon Hai's patent claims leaves the question

---

[80]    *See SanDisk*, 480 F.3d at 1383 ("We decline to hold that Jorgenson's statement that ST would not sue SanDisk eliminates the justiciable controversy created by ST's actions, because ST has engaged in a course of conduct that shows a preparedness and willingness to enforce its patent rights despite Jorgenson's statements.").

[81]    *See* Compl. ¶ 16.

[82]    *See id*. ¶ 10.

[83]    *See, e.g., Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) (noting that a parties' prior litigious conduct may be weighed in deciding whether the totality of the circumstances point to the existence of a real and immediate controversy between the parties).

[84]    *MedImmune*, 549 U.S. at 127.

of whether jurisdiction may be exercised over Hon Hai's claim for non-breach. The Southern District of Florida appropriately held that there is no independent basis for subject matter jurisdiction over the underlying action for breach of contract.  As the Federal Circuit has consistently stated, "the fact that patent issues are relevant under state contract law to the resolution of a contract dispute cannot possibly convert a suit for breach of contract into one 'arising under' the patent laws as required to render the jurisdiction of the district court based on section 1338."[85]

The coercive claim for breach of contract underlying Hon Hai's declaratory claim for non-breach is "so related to [the] claims in th[is] action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . ."[86]  Thus, it is appropriate to exercise supplemental jurisdiction over Hon Hai's non-breach claim. Nevertheless, because Hon Hai did not assert section 1367 as a basis for

---

[85]     *Speedco, Inc. v. Estes*, 853 F.2d 909, 913 (Fed. Cir. 1988).  *Accord Board of Regents, Univ. of Texas Sys., ex rel. Univ. of Tex. at Austin v. Nippon Tel. & Tel. Corp.*, 414 F.3d 1358, 1365 (Fed. Cir. 2005).

[86]     28 U.S.C. § 1367(a).  *Cf. Cummins, Inc. v. TAS Distrib. Co., Inc.*,  700 F.3d 1329, 1332 (Fed. Cir. 2012) (holding that declaratory judgment for breach of patent licensing agreement precluded licensee who failed to raise patent-based defenses from raising them in subsequent action).

jurisdiction in the Complaint,[87] the claim is dismissed with leave to amend.

**B.    Abstention**

As noted above, the Southern District of Florida's order remanding the Florida Action to state court moots Wi-LAN's argument that this action should be dismissed or stayed in favor of the first-filed federal action.  Abstention in favor of the pending *state* court action is plainly inappropriate here, as this case involves almost entirely federal subject matter,[88] and none of the factors discussed in *Colorado River Water Conservation District v. United States* are met.[89]  Wi-LAN's motion to stay or dismiss in favor of the Florida Action is denied.

**C.    Failure to State a Claim**

**1.    Non-infringement**

Wi-LAN's argument that the Complaint fails to state a claim for non-infringement merely rehashes its argument that Hon Hai has not pled an actual controversy between the parties.[90]  This argument is rejected for the reasons stated

---

[87]     *See* Compl. ¶ 4.

[88]     *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 23.

[89]     424 U.S. 800 (1976).

[90]     *See* Def. Mem. at 15-16 (stating, *e.g.*, "Claim 1, which seeks a declaratory judgment of noninfringement, should be dismissed because it contains only a conclusory statement that there is 'an actual controversy' between the parties with respect to whether Hon Hai infringes the '402 Patent.") (quoting Compl. ¶ 21).

above.

## 2.    Invalidity

With respect to invalidity, Hon Hai alleges that "[t]he claims of the '402 Patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. §§ 102, 103, and/or 112."[91]  Wi-LAN argues that these allegations fail to state a plausible claim for relief under the standard established by *Twombly*,[92] and cites a number of cases in this Circuit applying the *Twombly* standard to claims of invalidity.[93]

In response, Hon Hai cites to a number of cases holding that, because the Federal Circuit has held that notice pleading applies to claims of direct infringement, it would be unfair to require a greater showing for claims of invalidity.[94]  The cases cited by Hon Hai are inapposite.  The Federal Circuit's

---

[91]    Compl. ¶ 26.

[92]    *See* Def. Mem. at 14-18.

[93]    *See Gradient Enters. v. Skype Tech., S.A.*, No. 10 Civ. 6712L, 2013 WL 1208565, at *4–6 (W.D.N.Y., Mar. 25, 2013); *Wireless Ink Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 313 (S.D.N.Y. 2011); *Whitserve, LLC v. GoDaddy.com, Inc.*, No. 11 Civ. 948, 2011 WL 5825712, at *2 (D. Conn. Nov. 17, 2011).

[94]    *See* Plaintiff Hon Hai's Memorandum of Law in Opposition to Motion to Dismiss or Stay at 10 (citing *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156 (C.D. Cal. 2010) ("[I]t would be incongruous to require heightened pleading when the pleading standard for infringement does not require facts such as 'why the accused products allegedly infringe' or 'to specifically list the accused products.'"); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937-38 (N.D. Ill.

holding that notice pleading applies to claims of direct infringement is *expressly* limited to such claims.[95]  Although non-binding, this holding is highly persuasive in view of the Federal Circuit's status as the sole intermediate court of appeals for patent cases.  Further, to the extent that the Federal Circuit's limited holding, based on the text of the Federal Rules of Civil Procedure, does not apply, I am bound by the *Twombly* court's interpretation of Rule 8(a)(2).

Nevertheless, I find that the plausibility standard of *Twombly* does not apply to Hon Hai's declaratory claim for patent invalidity.  This is so because it is not a "claim" within the meaning of Rule 8(a)(2) at all.  Instead, it is a *defense*, within the meaning of Rule 8(c), to the underlying coercive suit of patent infringement.  Unlike Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(c) requires only that

---

2010); *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007)).  Another argument raised in these cases is that a heightened standard of pleading for invalidity claims would be inconsistent with various local patent rules, that require detailed disclosure of invalidity contentions at a fixed time after the first status conference in the case.  This argument misses the mark, because the bodies that implemented the relevant patent rules do not have the authority to (impliedly) repeal either the Federal Rules of Civil Procedure, or Supreme Court decisions; and because the fact that invalidity contentions must be served, *e.g.*, forty-five days after the first status conference has no bearing on the *initial* sufficiency of a pleading.

[95]     *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d at 1331.

"a party [] affirmatively state any avoidance or affirmative defense. . . ."

*First*, there is no basis to apply the *Twombly* standard to affirmative defenses.  The majority of district courts in this Circuit to consider the issue have held that affirmative defenses are not subject to the pleading standard of *Twombly*.[96]  The textual distinction between Rule 8(a)(2) and Rule 8(c) is sufficient to show that the *Twombly* standard does not apply to affirmative defenses, but there are other reasons that support this conclusion.  One such rationale has been implicitly endorsed by the Federal Circuit: Form 30 of the Federal Rules of Civil Procedure indicates that notice pleading suffices to plead an affirmative defense.[97]

Here, Hon Hai's invalidity claim is, in fact, an affirmative defense to

---

[96]    *See, e.g., Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 267 n.201 (S.D.N.Y. 2012) (collecting cases); *Scott v. WorldStarHipHop, Inc.*, No. 10 Civ. 9538, 2012 WL 5835232, at *3 (S.D.N.Y. Nov. 14, 2012) (holding that plausibility standard does not apply to affirmative defenses, and noting that "Rule 8(a)(2), [] which governs pleadings that state claims, requires that pleadings 'show' the pleader's entitlement to relief.  By contrast, Rule 8(c)(1), [] which governs pleading affirmative defenses, only requires a party to 'state' the defense."); *Serby v. First Alert, Inc.*, No. 09 Civ. 4229, 2013 WL 1281561, at *7 (E.D.N.Y. Mar. 27, 2013) ("This Court concludes that the pleading standards announced in *Twombly* do not apply to affirmative defenses."). *Cf.* 5 Wright & Miller, *Federal Practice & Procedure: Civil* 3d § 1274 ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense.") (citations omitted).

[97]    Form 30 provides the following example of an affirmative defense: "[t]he plaintiff's claim is barred by the statute of limitations because it arose more than _____ years before this action was commenced."

28

the underlying claim of patent infringement.  A court's "[i]nquiry to ascertain whether [it] ha[s] subject matter jurisdiction ordinarily precedes [its] analysis of the merits."[98]  This is so because a federal court may not grant relief on the merits if it lacks jurisdiction.  Thus, while it is permissible to plead or request relief in the alternative,[99] and even inconsistently, no relief may be granted on the merits upon a ground over which the court lacks jurisdiction.  In short, because a court's ability to provide relief on the merits is predicated on its having jurisdiction, it would be incongruous to construe a claim one way for the purpose of analyzing jurisdiction, and another way for merits adjudication.

In order to plead subject matter jurisdiction, Hon Hai was required to allege an underlying claim of patent infringement.  Having done so, it should also receive the benefit, as it would in that hypothetical suit, of the relaxed pleading standard accorded affirmative defenses.  It would be unjust to construe Hon Hai's declaratory invalidity claim as a defense for the purposes of analyzing jurisdiction, and as a claim for the purposes determining the governing the pleading standard.[100] In light of this fact, and drawing all inferences in Hon Hai's favor, I construe Hon

---

[98]     *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 126 (2d Cir. 2011) (quotation marks and citations omitted).

[99]     *See* Fed. R. Civ. P. 8(a)(3), 8(d)(2)-(3).

[100]     *Cf. id.* 8(e) ("Pleadings must be construed so as to do justice.").

Hai's declaratory invalidity claim as an affirmative defense, subject only to the pleading standard exemplified by Form 30 of the Federal Rules of Civil Procedure. Hon Hai has sufficiently pleaded its declaratory claim of patent invalidity under this standard.[101]   As a result, Wi-LAN's motion to dismiss Hon Hai's invalidity claim is denied.

### 3.    Patent Misuse

The final matter for decision is whether Hon Hai's claim for patent misuse must be dismissed, given its failure to plead Wi-LAN's monopoly power in the relevant market.[102]   Patent misuse is an equitable defense to patent infringement that is based on showing that the patentee has impermissibly used its patent monopoly anti-competitively.[103]   The 1988 amendment to the Patent Code, Title

---

[101]     It would be a closer question if the Complaint indicated that Hon Hai intended its claim for invalidity to stand as a counterclaim to the underlying patent infringement action, but there is no occasion to resolve that question in deciding this motion.

[102]     *See* Def. Mem. at 17 (citing, *e.g.*, *Linzer Prods. Corp. v. Sekar*, 499 F. Supp. 2d 540, 553 (S.D.N.Y. 2007)).   Hon Hai alleges that "[t]he '402 Patent is unenforceable due to Wi-LAN's attempt to impermissibly extend the scope of the '402 Patent[,]" but does not allege that Wi-LAN has market power within the meaning of a patent misuse claim.   Compl. ¶ 30.

[103]     *See Linzer Prods.*, 499 F. Supp. 2d at 551 (citing *United States Philips Corp. v. International Trade Comm'n*, 424 F.3d 1179, 1184-85 (Fed. Cir. 2005) (further citations omitted).   *Cf. Princo Corp. v. International Trade Comm'n*, 616 F.3d 1318, 1331 (Fed. Cir. 2010) ("What patent misuse is about, in short, is 'patent leverage,' *i.e.*, the use of the patent power to impose overbroad conditions on the

35, United States Code section 271(d) ("section 271") exempts certain scenarios from the scope of the patent misuse doctrine, providing that:

> No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having done one or more of the following: (1) derived revenue from acts which if performed by another without his consent would constitute contributory infringement of the patent; (2) licensed or authorized another to perform acts which if performed without his consent would constitute contributory infringement of the patent; (3) sought to enforce his patent rights against infringement or contributory infringement; (4) refused to license or use any rights to the patent. . . .

Section 271(d) also provides that a patent misuse claim may not be alleged on the basis of a 'tying' arrangement, *i.e.*, "condition[ing] the license of any rights to the patent or the sale of the patented product on the acquisition of a license to rights in another patent or purchase of a separate product, unless, in view of the circumstances, the patent owner has market power in the relevant market for the patent or patented product on which the license or sale is conditioned."[104] Moreover, "the mere existence of a patent [] [does not] constitute the requisite

---

use of the patent in suit that are 'not within the reach of the monopoly granted by the Government.') (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 136-38 (1969)).

[104]   35 U.S.C. § 271(d).

'market power.'"[105]

Hon Hai argues that it need not plead market power, because it claims that "Wi-LAN has committed patent misuse by attempting to interpret a patent license in a manner that allows it to collect royalties on products not covered by the '402 Patent[,]"[106] and this claim is outside of the five categories of section 271(d). In other words, Hon Hai argues that it is *not* claiming that Wi-LAN *conditioned* its license on Hon Hai paying royalties for products outside the scope of the '402 Patent, but rather that, having entered into a license with Hon Hai, Wi-LAN is attempting to expand the *scope* of that license to include products not covered by the patent.

This is a distinction without a difference. If, as Hon Hai alleges, Wi-LAN's notices of breach were attempts to use the '402 Patent to force Hon Hai to pay royalties for products not covered by the '402 Patent, then this would be a tying claim subject to section 271(d)(5). Although the Agreement already existed at the time of the notices, as Hon Hai acknowledges, the notices constituted a veiled threat to terminate the license, thereby "condition[ing] the license of any

---

[105]    *Illinois Tool Works Inc. v. Independent Ink, Inc.*, 547 U.S. 28, 42 (2006) (holding that holding a patent does not give rise to a presumption of market power, for the purposes of either a patent misuse or antitrust claim).

[106]    Opp. Mem. at 12.

rights to the patent . . . on the . . . purchase of a separate product. . . ."[107]  Because it

has not pleaded that Wi-LAN has market power over the non-patented products,

Hon Hai has failed to state a claim for patent misuse.

Even if Hon Hai had pled market power, it is questionable whether the

facts alleged would state a claim for patent misuse.  Although Wi-LAN grounded

its notices solely in contractual terms, Hon Hai alleges that Wi-LAN attempted to

expand the scope of its patent monopoly by claiming that non-infringing products

infringe.  Section 271(d)(3) provides that a patentee's good-faith notice of

infringement does not give rise to a patent misuse claim, and for good reason.[108]  If

allegations that a patentee sent a notice of infringement related to a non-infringing

product stated a claim for patent misuse, then every successful defense of non-

infringement would necessarily result in a finding that a patent was unenforceable

---

[107]     35 U.S.C. § 271(d)(5).

[108]     *Id*. § 271(d)(3) (excepting from the patent misuse doctrine the actions
of a patentee that seeks "to enforce [its] patent rights against infringement or
contributory infringement. . . .").  *See Virginia Panel Corp. v. MAC Panel Co.*,
133 F.3d 860, 869 (Fed. Cir. 1997) ("VP's practices did not constitute patent
misuse because they did not broaden the scope of its patent, either in terms of
covered subject matter or temporally. . . . A patentee that has a good faith belief
that its patents are being infringed violates no protected right when it so notifies
infringers.  Accordingly, a patentee must be allowed to make its rights known to a
potential infringer so that the latter can determine whether to cease its allegedly
infringing activities, negotiate a license if one is offered, or decide to run the risk
of liability and/or the imposition of an injunction.") (quotation marks and citations
omitted).

due to patent misuse.

Such an expansive reading of patent misuse is at odds with the 1988 amendment to the Patent Act.  For this reason, and for its failure to plead market power, Hon Hai's claim for patent misuse is dismissed.  As it is currently constituted, an amendment to this claim would be futile.  Nevertheless, under the liberal amendment policy of Rule 15, I grant Hon Hai one chance to amend this claim in conformity with section 271 and its obligations under Rule 11.

## IV.   CONCLUSION

For the reasons set forth above, Wi-LAN's motion to dismiss and/or stay is granted in part and denied in part.  This Court has subject matter jurisdiction over the action, save for Hon Hai's claim for non-breach, which is dismissed with leave to amend.  Wi-LAN's motion to dismiss or stay the action in light of the Florida Action is denied.  Its motion to dismiss under Rule 12(b)(6) is denied, except as to Wi-LAN's claim for patent misuse, which is dismissed with leave to amend.  Any amended pleading must be filed within thirty days of the date of this Order.

The Clerk of the Court is directed to close this motion (Doc. No. 10).  A conference is scheduled for July 8, 2013 at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            May 28, 2013

35

**- Appearances -**

**For Plaintiff:**

Brian J. Prew, Esq.
Goodwin Procter LLP
The New York Times Building, 620 Eighth Ave.
New York, NY 10018-1405
(212) 459-7199

Peter J. Wied, Esq.
Terry D. Garnett, Esq.
Vincent Yip, Esq.
Goodwin Procter LLP
601 S. Figueroa St., 41st Floor
Los Angeles, CA 90017
(213) 426-2500

**For Defendant:**

Constance Sue Huttner, Esq.
Stephanie Lollo Donahue, Esq.
Armita Schacht Cohen, Esq.
Vinson & Elkins L.L.P.
666 Fifth Ave., 26th Floor
New York, NY 10103
(212) 237-0000