UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

Hon Hai Precision Industry Co., Ltd.,           :

             Plaintiff,           :

           v.           :

Wi-LAN Inc.,           :

             Defendant.           :

-------------------------------------------------------X

Civil Action No. 12-cv-7900 (SAS)

ECF Case

**JURY TRIAL DEMANDED**

RECEIVED
JUN 19 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hon Hai Precision Industry Co., Ltd. ("Hon Hai") by and through its attorneys, for its Complaint against Wi-LAN Inc. ("Wi-LAN") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.* Hon Hai seeks a declaration that U.S. Patent No. 5,828,402 "Method and Apparatus for Selectively Blocking Audio and Video Signals" issued on October 27, 1998 (the "'402 Patent") is invalid and unenforceable, and a declaration that Hon Hai does not infringe the '402 Patent. This action arises out of allegations by Wi-LAN that Hon Hai infringes one or more claims of the '402 Patent.

## THE PARTIES

2. Plaintiff Hon Hai is a Taiwanese corporation having its principle place of business at 2 Tzu Yu St., Tu-Cheng City, Taiwan, Republic of China.

3. On information and belief, Defendant Wi-LAN is a Canadian corporation having its

principle place of business at 11 Holland Avenue, Ottawa, Ontario, Canada K1Y 4S1.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 §§ 1331, 1338(a), and 1367(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.  Upon information and belief, this Court has personal jurisdiction over Wi-LAN because it regularly conducts business within this judicial district and has purposefully availed itself of the jurisdiction of this Court.

6.  Venue in this Court is proper under 28 U.S.C. §§1391 and 1400(b).

## FACTUAL BACKGROUND

7.  The '402 Patent was issued on October 27, 1998 to Tim Collings. A true and correct copy of the '402 Patent is attached as Exhibit A.

8.  Upon information and belief, Wi-LAN purports to be the owner by assignment of all legal rights, title, and interests in and to the '402 Patent.

9.  On or about January 22, 2008, Hon Hai entered into a License Agreement with Wi-LAN V-Chip Corporation, the predecessor corporation to Wi-LAN, covering the '402 Patent (the "License").

10. On or about January 19, 2010, Wi-LAN initiated a patent infringement suit in this Court against LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively "LG") asserting infringement of the '402 Patent (Case No. 1:10-cv-00432-LAK) ("LG Litigation").

11. On or about February 3, 2011, Wi-LAN sent a letter to Hon Hai alleging Hon Hai manufactured and manufactures products that are covered under the '402 Patent.  On

this basis, Wi-LAN asserted Hon Hai was and is required under the License to submit royalty reports and pay royalties to Wi-LAN for these products. Wi-LAN identified these products as certain products Hon Hai manufactures and sells to "certain leading brand name companies."

12. Hon Hai repeatedly informed Wi-LAN that its products are not covered by the '402 Patent and, thus, are not subject to royalty payments under the License. Further, Hon Hai questioned the validity of the '402 Patent and requested Wi-LAN reevaluate its allegations against Hon Hai in light of the then pending LG Litigation before this Court.

13. On or about March 7, 2012, this Court granted LG's motion for summary judgment dismissing the patent infringement claim. The Court found that LG products did not infringe based upon the Court's construction of the claim term "informational scheme" and the implementation of the CEA-766 ratings system adopted by the FCC. Final judgment was entered on March 13, 2012.

14. On or about April 27, 2012, Hon Hai informed Wi-LAN in writing that Hon Hai's products are similar to the LG products this Court held to not infringe the '402 Patent in that Hon Hai's products implement the CEA-766 ratings system similarly. Specifically, Hon Hai advised Wi-LAN that given at least this fact, and this Court's non-infringement ruling in LG's favor in the LG Litigation, Hon Hai does not believe it has manufactured or sold any products covered under the '402 Patent, and should not owe any royalties to Wi-LAN.

15. On or about June 6, 2012, Wi-LAN sent a breach notice to Hon Hai alleging breach of the License on the basis of Hon Hai's failure to submit royalty reports and make

royalty payments under the License.

16. Hon Hai considers the June 6, 2012 breach notice to be a clear threat to enforce the '402 Patent, terminate the License, and sue for patent infringement if Hon Hai does not make the royalty payments as demanded.

17. Hon Hai does not believe that its products are covered by the '402 Patent and, therefore, under the terms of the License, royalties are not owed to Wi-LAN for any Hon Hai products, and Hon Hai is not in breach of the License.

18. Hon Hai believes the '402 Patent is invalid and/or unenforceable and, therefore, Wi-LAN is not entitled to enforce the '402 Patent or to collect royalties on the '402 Patent.

19. By reason of the foregoing, there is an actual and justiciable controversy between Hon Hai and Wi-LAN concerning non-infringement and invalidity of the '402 Patent.

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement)

20. Hon Hai hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 18 above.

21. There is an actual controversy between Hon Hai and Wi-LAN as to whether Hon Hai infringes the '402 Patent or contributes to or induces infringement by others.

22. Hon Hai does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '402 Patent.

23. Hon Hai hereby seeks a declaration that it does not infringe the '402 Patent.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity)

24. Hon Hai hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 23 above.

25. There is an actual controversy between Hon Hai and Wi-LAN as to whether the '402 Patent is valid.

26. The claims of the '402 Patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. §§102, 103, and/or 112.

27. Hon Hai hereby seeks a declaration that the '402 Patent is invalid.

## THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Non-Breach)

28. Hon Hai hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 27 above.

29. There is an actual controversy between Hon Hai and Wi-LAN as to whether Hon Hai is in breach of the License.

30. Hon Hai does not owe any royalties under the License because it does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '402 Patent.

31. This claim is so related to the claims for declaratory judgment of noninfringement and invalidity as to form part of the same case or controversy under Article III of the United States Constitution since, *inter alia*, the License provides a defense to claims of infringement. This Court therefore has jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

32. Hon Hai hereby seeks a declaration that Hon Hai is not in breach of the License.

## PRAYER FOR RELIEF

WHEREFORE, Hon Hai respectfully requests that judgment be entered in favor of Hon Hai and against Wi-LAN, and requests the following relief:

A. A declaration that Hon Hai does not infringe the '402 Patent, or contribute to or induce infringement by others;

B. A declaration that the '402 Patent is invalid;

C. A declaration that Hon Hai is not in breach of the License;

D. A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. §285; and

E. For costs of suit, and for such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

Hon Hai demands a trial by jury on all issues so triable.

Dated:   New York, New York
         June 19, 2013

Respectfully submitted,

Brian J. Prew, Esq.
**Goodwin Procter** LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel:  (212) 813-8800
bprew@goodwinprocter.com

OF COUNSEL:

6

Peter J. Wied, Esq. (*pro hac vice*)
Vincent K. Yip, Esq. (*pro hac vice*)
**Goodwin Procter LLP**
601 S Figueroa St., 41st Floor
Los Angeles, California 90017
Tel.:  213.426.2500
Fax.:  213.623.1673

*Attorneys for Plaintiff*
*Hon Hai Precision Industry Co., Ltd*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copies of the foregoing document by Federal Express, an overnight delivery service, prior to the latest time designated by Federal Express for overnight delivery directed to the following counsel of record:

Constance Sue Huttner
Armita Schacht Cohen
Stephanie Lollo Donahue
Vinson & Elkins L.L.P.
666 Fifth Avenue, 26th Floor
New York 10103

David E. Sipiora
Townsend and Townsend and Crew, LLP(CO)
1400 Wewatta Street, Suite 600
Denver, CO 80202

_____
Peter J. Wied