UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HON HAI PRECISION INDUSTRY CO., LTD., <br><br>       Plaintiff, <br><br>    v. <br><br> WI-LAN INC., <br><br>       Defendant. | Case No. 12-cv-7900 (SAS) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT WI-LAN INC.'S ANSWER
TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Wi-LAN Inc. ("Wi-LAN") hereby submits its answer, defenses, and counterclaims to Plaintiff Hon Hai Precision Industry Co., Ltd.'s ("Hon Hai") Complaint for Declaratory Judgment ("Complaint"). Except as expressly admitted below, Wi-LAN denies each and every allegation contained the Complaint. Wi-LAN hereby incorporates by reference its Memorandum of Law in Support of its Motion to Dismiss Hon Hai Precision Industry Co. Ltd.'s Complaint or, in the Alternative, to Stay (Dkt. No. 11) and its Reply Memorandum of Law in Support of its Motion to Dismiss Hon Hai Precision Industry Co. Ltd.'s Complaint or, in the Alternative, to Stay (Dkt. No. 20). In addition, Wi-LAN answers as follows:

**NATURE OF THE ACTION**

1.     Wi-LAN admits that Hon Hai has filed suit seeking the declaratory relief it describes in Paragraph 1 of the Complaint. Wi-LAN denies any remaining allegations of Paragraph 1.

**THE PARTIES**

2.     Wi-LAN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies each and every

1

allegation contained therein.

3.      Wi-LAN admits the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4.      Wi-LAN admits that the Complaint purports to arise under 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Wi-LAN denies any remaining allegations of Paragraph 4.

5.      Wi-LAN admits that it is subject to personal jurisdiction in this judicial district for the purposes of this litigation only.

6.      Wi-LAN denies that venue in this Court is proper.

**FACTUAL BACKGROUND**

7.      Wi-LAN admits that U.S. Patent No. 5,828,402 ("the '402 Patent") was issued on October 27, 1998, to Tim Collings.  Wi-LAN lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and, therefore, denies the remaining allegations contained therein.

8.      Wi-LAN admits that it is the owner by assignment of all legal rights, title, and interests in and to the '402 Patent.

9.      Wi-LAN admits that its predecessor corporation, Wi-LAN V-Chip Corporation, entered into a License Agreement with Hon Hai effective January 22, 2008.  The document speaks for itself.  Wi-LAN denies any remaining allegations of Paragraph 9.

10.      Wi-LAN admits that on or about January 19, 2010, it initiated a patent infringement suit in this Court against LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively "LG") asserting infringement of the '402 Patent ("LG Litigation").

11.      Wi-LAN admits that on or about February 3, 2011, Wi-LAN sent a letter to Hon Hai.  The document speaks for itself.  Wi-LAN denies any remaining allegations of Paragraph 11.

12.      Wi-LAN admits that Hon Hai communicated with Wi-LAN following the February 3, 2011 letter.  The documents and communications speak for themselves.  Wi-LAN

denies any remaining allegations of Paragraph 12.

13.     The Orders and Judgment of this Court speak for themselves.  Wi-LAN denies any remaining allegations of Paragraph 13.  In particular, Wi-LAN denies any allegation that this Court's order was based solely on "the implementation of the CEA-766 ratings system adopted by the FCC" rather than the specific functionality of the accused products in the LG Litigation.

14.     Wi-LAN admits that Hon Hai communicated with Wi-LAN in writing on or about April 27, 2012.  The document speaks for itself.  Wi-LAN denies any remaining allegations of Paragraph 14.

15.     Wi-LAN admits that on or about June 6, 2012, Wi-LAN sent a letter to Hon Hai. The document speaks for itself.  Wi-LAN denies any remaining allegations of Paragraph 15.

16.     Wi-LAN lacks knowledge or information sufficient to form a belief as to what Hon Hai "considers" to be true.  The June 6, 2012 communication speaks for itself.  Wi-LAN denies any remaining allegations in Paragraph 16.

17.     Wi-LAN lacks knowledge or information sufficient to form a belief as to what Hon Hai "does not believe."  Wi-LAN denies any remaining allegations set forth in Paragraph 17.

18.     Wi-LAN lacks knowledge or information sufficient to form a belief as to what Hon Hai "believes."  Wi-LAN denies any remaining allegations set forth in Paragraph 18.

19.     Wi-LAN denies the allegations set forth in Paragraph 19.

**FIRST CLAIM FOR RELIEF**

20.     Wi-LAN repeats and incorporates by reference each and every response set forth in the preceding paragraphs.

21.     Wi-LAN denies the allegations set forth in Paragraph 21.

22.     Wi-LAN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies each and every allegation contained therein.  Wi-LAN reserves the right to respond further to the allegations

contained in Paragraph 22 following discovery.

23.     Paragraph 23 constitutes a request for relief and, as such, does not require an admission or denial.  Nevertheless, Wi-LAN denies that Hon Hai is entitled to the requested relief.  Wi-LAN denies any remaining allegations of Paragraph 23.

**SECOND CLAIM FOR RELIEF**

24.     Wi-LAN repeats and incorporates by reference each and every response set forth in the preceding paragraphs.

25.     Wi-LAN denies the allegations set forth in Paragraph 25.

26.     Wi-LAN denies the allegations set forth in Paragraph 26.

27.     Paragraph 27 constitutes a request for relief and, as such, does not require an admission or denial.  Nevertheless, Wi-LAN denies that Hon Hai is entitled to the requested relief.  Wi-LAN denies any remaining allegations of Paragraph 27.

**THIRD CLAIM FOR RELIEF**

28.     Wi-LAN repeats and incorporates by reference each and every response set forth in the preceding paragraphs.

29.     Wi-LAN denies the allegations set forth in Paragraph 29.

30.     Wi-LAN denies the allegations set forth in Paragraph 30.

31.     Wi-LAN denies the allegations set forth in Paragraph 31.

32.     Paragraph 32 constitutes a request for relief and, as such, does not require an admission or denial.  Nevertheless, Wi-LAN denies that Hon Hai is entitled to the requested relief.  Wi-LAN denies any remaining allegations of Paragraph 32.

**RESPONSE TO PRAYER FOR RELIEF**

Paragraphs A-E of the Complaint's Prayer for Relief constitute a request for relief and, as such, do not require an admission or denial.  Nevertheless, Wi-LAN denies that Hon Hai is entitled to the requested relief.  Wi-LAN denies the remaining allegations, if any, contained in Paragraphs A-E of the Complaint's Prayer for Relief.

4

## JURY DEMAND

Wi-LAN demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

In addition to the defenses alleged herein, Wi-LAN reserves the right to allege additional defenses as they become known during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

33.     Hon Hai's causes of action fail to state a claim upon which relief can be granted for at least the reasons set forth in Wi-LAN's Motion to Dismiss and supporting documents (Dkt. Nos. 10, 11, 12 & 20).

## SECOND AFFIRMATIVE DEFENSE

### (Ripeness)

34.     There is no subject matter jurisdiction for Hon Hai's causes of action because they were not ripe for adjudication when filed.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

35.     Hon Hai lacks standing to sue because there is no case or controversy as to Hon Hai's causes of action against Wi-LAN.

### (Additional Defenses)

36.     Wi-LAN presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, unstated affirmative defenses.  On that basis, Wi-LAN reserves the right to amend this answer to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## WI-LAN'S COUNTERCLAIM

1.     Wi-LAN hereby realleges and incorporates by reference its answers to the allegations of Paragraphs 1-3 as set forth above.

**PARTIES**

2.      Counterclaim-Plaintiff Wi-LAN ("Wi-LAN") is a Canadian corporation having its principal place of business at 11 Holland Avenue, Suite 608, Ottawa, Ontario, Canada K1Y 4S1.

3.      Upon information and belief, Counterclaim-Defendant Hon Hai Precision Industry Co., Ltd. ("Hon Hai") is a Taiwanese corporation having its principal place of business at 2 Tzu Yu St., Tu-Cheng City, Taiwan, Republic of China.

**JURISDICTION AND VENUE**

4.      To the extent that this Court has jurisdiction over Hon Hai's claims against Wi-LAN, this Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Hon Hai by virtue of it commencing this action against Wi-LAN in this Court.

6.      To the extent that the Court finds venue to be proper in this judicial district for the claims made by Hon Hai, venue also is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      Wi-LAN presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, unstated counterclaims.  On that basis, Wi-LAN reserves the right to amend this answer to assert additional counterclaims in the event discovery indicates that additional counterclaims are appropriate.

**BACKGROUND**

8.      The '402 Patent was duly issued on October 27, 1998 to Tim Collings.

9.      Wi-LAN is the owner by assignment of all legal rights, title and interests in and to the '402 Patent.

10.     Hon Hai seeks a Declaratory Judgment of Invalidity of the '402 Patent in this Court.

## COUNTERCLAIM I

### (Declaratory Judgment of Validity of U.S. Patent No. 5,828,402)

11.     Wi-LAN realleges and incorporates by reference its answers and allegations of Paragraphs 1-10 as set forth above.

12.     Based on Hon Hai's filing of this action, an actual controversy has arisen and now exists between Wi-LAN and Hon Hai as to the validity of the '402 Patent.

13.     The '402 Patent is valid.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Wi-LAN requests a declaration by the Court that the '402 Patent is valid.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for an order entering judgment as follows:

A.     A declaration by the Court that the '402 Patent is valid;

B.     Awarding Wi-LAN its costs in this matter, including attorneys' fees; and

C.     Awarding any such other and further relief as the Court deems proper and just.

## JURY TRIAL DEMANDED

Wi-LAN hereby demands a trial by jury on all issues so triable.


Dated: July 8, 2013                    KILPATRICK TOWNSEND & STOCKTON LLP

                                        /s/ David E. Sipiora
                                        _____

                                        David E. Sipiora
                                        KILPATRICK, TOWNSEND & STOCKTON LLP
                                        1400 Wewatta Street, Suite 600
                                        Denver, Colorado 80202
                                        Telephone: (303) 571-4000
                                        Facsimile: (303) 571-4321
                                        dsipiora@kilpatricktownsend.com
                                        mholohan@kilpatricktownsend.com

                                        *Attorneys for Defendant and Counterclaim Plaintiff Wi-LAN Inc.*

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule 5.2 via the Court's CM/ECF system on July 8, 2013, and, as such, was served on all counsel of record.

/s/ Matthew C. Holohan

_____

Matthew C. Holohan

KILPATRICK TOWNSEND 65543133 1

1