UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
HON HAI PRECISION INDUSTRY CO., :
LTD., :
 :
               Plaintiff, : **SCHEDULING ORDER**
 :
         v. : Action No. 1:12-cv-07900-SAS
 :
Wi-LAN Inc., :
 :
              Defendant. :
 :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.**

      WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) (the "Order"); and

      WHEREAS, the Order requires that the parties jointly prepare and sign a proposed Scheduling Order containing certain information;

      NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)    the Rule 16(b) conference is on July 8, 2013;

      Appearances:

          (a) **Terry D. Garnett and Peter J. Wied of Goodwin Procter LLP appeared on behalf of plaintiff Hon Hai Precision Industry Co., Ltd. ("Plaintiff" or "Hon Hai")**

          (b) **David Sipiora and Matthew Holohan of Kilpatrick Townsend & Stockton LLP appeared on behalf of Wi-LAN Inc. ("Defendant" or "Wi-LAN")**

(2)    the date by which automatic disclosures will be exchanged;

**Automatic disclosures will be exchanged by September 16, 2013** *[handwritten: July 31]*

(3)    a concise statement of the issues as they then appear;

**Hon Hai contends that it has not infringed U.S. Patent No. 5,828,402 (the "'402 Patent") by making, using, selling, offering for sale, and/or importing televisions**

LIBA/2408531.1

covered by one or more claims of the '402 Patent, that the '402 Patent is invalid, and that Hon Hai has not breached its license agreement with Wi-LAN. Hon Hai maintains it has not breached the license agreement by failing to pay royalties because the license agreement only requires royalties on products which are within the scope of the '402 Patent, and no Hon Hai products are within the scope of the '402 Patent.

Wi-LAN contends that the '402 Patent is not invalid. Wi-LAN denies that Hon Hai is entitled to a declaratory judgment of non-breach. Wi-LAN maintains that Hon Hai has breached its license agreement with Wi-LAN at least by failing to pay royalties due under the terms of the license agreement based on products covered by that agreement ("Hon Hai Products"). Wi-LAN denies that the license agreement only requires royalties on products which are within the scope of the '402 Patent. Wi-LAN has brought an action for breach of contract against Hon Hai in another pending proceeding in a separate venue.

The parties have a dispute regarding who bears the burden of proof on the claim for declaratory of non-infringement. Wi-LAN contends that Hon Hai has the burden of proof, pursuant to *Medtronic Inc. v. Boston Scientific Corp.*, 695 F.3d 1266 (Fed. Cir. 2012). Hon Hai contends that *Medtronic* is not applicable in this case and notes that the Supreme Court has granted certiorari in *Medtronic*.

(4) a schedule including;

    (a) the names of persons to be deposed and a schedule of planned depositions;

**Hon Hai intends to depose:**

    (i) Wi-LAN pursuant to Fed. R. Civ. P. 30(b)(6)

    (ii) Employees, former employees, and agents of Wi-LAN involved in the negotiation of licenses to the '402 Patent, and with knowledge of the subject matter of the '402 patent

    (iii) All experts (if any) relied upon by Wi-LAN

    (iv) third parties with knowledge of the subject matter and licensing of the '402 patent

**Wi-LAN intends to depose:**

    (i) Hon Hai pursuant to Fed. R. Civ. P. 30(b)(6)

    (ii) Employees, former employees, and agents of Hon Hai involved in the negotiation of the license agreement between Hon Hai and Wi-LAN

    (iii) Employees, former employees, and agents of Hon Hai involved in the design, development, programming, testing, manufacture, marketing,

2

        sale, and importation of Hon Hai Products

    (iv)    All experts (if any) relied upon by Hon Hai

    (v)    Third parties with knowledge of Hon Hai Products.

(b)    a schedule for the production of documents;

Document production shall be completed by ~~April 11, 2014~~ *[handwritten: Req. by 8/30, Resp by 10/11]*

(c)    dates by which:

(i) Infringement Contentions

Defendant contends that Plaintiff has the burden of proof on non-infringement and proposes that Plaintiff serve Non-Infringement Contentions by October 21, 2013

Plaintiff contends that infringement is a compulsory counterclaim in light of the allegation of breach of the license agreement and proposes that Defendant serve Infringement Contentions by October 21, 2013

(ii) Plaintiff shall serve Invalidity Contentions by December 5, 2013

(ii) Parties propose the following schedule for resolving claim construction issues that may arise:

| | |
|---|---|
| Exchange list of terms for construction | December 30, 2013 |
| Exchange list of proposed constructions and identification of all extrinsic evidence | January 20, 2014 |
| File joint claim construction statement | February 10, 2014 |
| Parties to file opening claim construction briefs | March 11, 2014 |
| Parties to file responsive claim construction briefs | April 10, 2014 |
| Claim construction hearing | May 2014 |

*[table crossed out with diagonal line]*

(d)    Expert reports:

3

    (i) Expert reports on issues on which a party bears the burden on proof shall be submitted within 45 days of the issuance of a claim construction ruling

    (ii) Rebuttal expert reports shall be submitted within 30 days of receipt of opening expert reports

    (iii) Expert depositions shall be completed within 30 days of receipt of rebuttal expert reports

(e) time when discovery is to be completed;

    (i) Fact discovery – 30 days from issuance of claim construction ruling

    (ii) Expert discovery – 30 days after receipt of rebuttal expert reports

(f) Dispositive and *Daubert* motions:

    (i) Moving papers within 30 days after close of expert discovery (motions for partial summary judgment may be filed earlier, if appropriate, pursuant to the Court's standard procedures)

    (ii) Opposition filed within 21 days after service of moving papers

    (iii) Reply filed within 14 days after service of opposition papers

(e) the date by which plaintiff will supply its pre-trial order matters to defendant;

**Plaintiff shall supply its pretrial order matters to Defendant 30 days after service of replies to dispositive and *Daubert* motions**

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial; and

**The parties shall supply their pretrial order 30 days after Plaintiff serves its pretrial order material**

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

---

(5) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

The parties shall submit to the Court a proposed protective order by ~~August 26, 2013.~~ July 31

(6)  a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

**The parties have no discovery disputes at this time**

(7)  anticipated fields of expert testimony, if any;

**If necessary, the parties expect to offer expert testimony related to issues of infringement and validity.**

(8)  anticipated length of trial and whether to court or jury;

**The trial will be a jury on all issues so triable. The parties anticipate the trial will take approximately 10 days.**

(9)  The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

| GOODWIN PROCTER LLP | KILPATRICK TOWNSEND & STOCKTON LLP |
|---|---|
| By: /s/ Peter J. Wied | By: /s/ David E. Sipiora |
| Peter J. Wied (*pro hac vice*) | David E. Sipiora |
| 601 S Figueroa St., 41st Floor | 1400 Wewatta Street, Suite 600 |
| Los Angeles, California 90017 | Denver, CO 80202 |
| Tel.: (213)426-2500 | Tel.: (303) 571-4000 |
| Fax.: (213) 623-1673 | Fax.: (303) 571-4321 |
| Counsel for Plaintiff HON HAI PRECISION INDUSTRIES, CO., LTD. | Counsel for Defendant WI-LAN INC. |

SO ORDERED:

[signature]

SHIRA A. SCHEINDLIN
United States District Judge

7/8/13