UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

HON HAI PRECISION INDUSTRY CO.,   :
LTD.,
           :

      Plaintiff,    :

         **[PROPOSED] PROTECTIVE ORDER**
      v.      :

          Action No. 1:12-cv-07900-SAS
Wi-LAN Inc.,      :

         :

      Defendant.   :

------------------------------------------------------X

## [PROPOSED] PROTECTIVE ORDER

   This Protective Order is issued to facilitate document disclosure and production under the

Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to

the terms contained in this Order, this Order shall remain in effect through the conclusion of this

Litigation.

   In support of this order, the Court finds that:

   1.  Documents or information containing confidential proprietary and business

information and/or trade secrets ("Confidential Information") that bear significantly on the

parties' claims or defenses is likely to be disclosed or produced during the course of discovery in

this Litigation;

   2.  The parties to this litigation may assert that public dissemination and disclosure of

Confidential Information could severely injure or damage the party disclosing or producing the

Confidential Information and could place that party at a competitive disadvantage;

   3.  Counsel for the party or parties receiving Confidential Information are presently

without sufficient information to accept the representation(s) made by the party or parties

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this Litigation.

**IT IS HEREBY ORDERED:**

A.      **<u>DEFINITIONS</u>**

1.      "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

2.      "Litigation" means the case styled Hon Hai Precision Industry Co. Ltd. v. Wi-LAN International Taiwan Inc., Case No. 1:12-cv-07900-SAS.

3.      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party; and (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks; or (iii) independent attorneys contracted to assist outside counsel in connection with this action.

4.      "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

5.      "Producing Party" means any Party or other third-party entity who discloses or produces any Discovery Material in this action.

2

6.      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL", CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided in this Order.

7.      "Receiving Party" means any Party who receives Discovery Material.

**B.      SCOPE**

1.      Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for this Litigation, and shall be used only for purposes of litigating this case, and shall not be used directly or indirectly for any other purpose whatsoever.  To be clear, the parties shall use Protected Material produced in this litigation only for purposes of litigating this case, and not for the purpose of litigating any other case or for any other purpose whatsoever.

2.      The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the Protected Material satisfies the criteria set forth in this Order.  The Producing Party may not unreasonably or improperly refuse to withdraw or change the designation when appropriate, whether for delay or otherwise.  Any new designation will become effective immediately, regardless of when the Receiving Party receives the replacement copy of the re-designated or de-designated material.  This Paragraph applies regardless of whether the Producing Party discovers the incorrect designation on its own, becomes aware of the incorrect designation after being informed thereof by the Receiving Party, or if the Producing Party otherwise becomes aware of the incorrect designation by any means whatsoever.

3

3.      The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure in their present form as of the date this Order is entered by the Court.

4.      Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

5.      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing, provided the Party complies with the express requirements and provisions of this Order.

6.      Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material except as provided in this Order.

**C.      DESIGNATING PROTECTED MATERIAL**

1.      Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Any materials that are publicly available, and not due to any unauthorized act or omission, or violation of this Order, or otherwise do not contain confidential information, including but not limited to (a) publicly available advertising materials, (b) non-draft materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or understanding regarding confidential treatment, shall not be considered Protected Materials for purposes of this Litigation.

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

2.      Written Discovery and Documents and Tangible Things.  Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph C.1 may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production.  Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored. In the event that original documents are provided for inspection, the Producing Party may produce the documents for inspection under a temporary designation communicated in writing by the Producing Party, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents during the copying process.

3.      Depositions and Testimony.  Parties or testifying persons or entities may designate confidential portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the relevant portions of the testimony are so designated within ten business (10) days of receipt of the transcript of the testimony.  All information disclosed during a deposition shall be deemed "CONFIDENTIAL –ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.  In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other

5

video media are subject to this Order (e.g., by including a label on the videotape or other video media which contains the appropriate confidentiality designation).

4.  <u>Information Not Reduced to Any Physical Form</u>.  For information not reduced to any documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in Paragraphs C.1 or C.2 above, the Producing Party must inform the Receiving Party of the designation of such information in writing.

**D.  DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

1.  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary and/or commercially sensitive information.

2.  Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

      (a)  Receiving Party's Outside Counsel;

      (b)  Up to three (3) of the Receiving Party's in-house counsel or officers and employees with responsibility for managing or involvement in this litigation, to whom disclosure is reasonably necessary for this litigation, and who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order; however as to Protected Material from third parties, absent a court order or agreement of the third party, Protected Material from third parties may not be disclosed to in-house counsel or employees of a Receiving Party.

      (c)  Any expert or consultant, and their necessary support personnel, retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) said expert or consultant has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this

6

Order; and (ii) no unresolved objections to such disclosure exist after proper notice has been

given to all parties to which such notice is required to be given, as set forth in Paragraph G.2

below;

        (d)    Court reporters, stenographers and videographers retained to record

testimony taken in this action, to whom disclosure is reasonably necessary for this Litigation;

        (e)    The Court, jury, and Court personnel (under seal or with other suitable

precautions determined by the Court);

        (f)    Graphics, translation, design, and/or trial consulting services, and

electronic discovery vendors, by a Party to whom disclosure is reasonably necessary for this

Litigation, provided that each such person, including their staff, has signed the acknowledgement

form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

        (g)    Any mediator who is assigned to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order; and

        (h)    Any other person with the prior written consent of the Producing Party.

    3.    A Receiving Party may disclose arguments and materials derived from a

Producing Party's Discovery Material designated as "CONFIDENTIAL" (e.g., summaries or

abstractions) to mock jurors who have signed the acknowledgement form annexed hereto as

Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed

acknowledgement for mock jurors need not be provided to counsel for any other party). A

Receiving Party may not disclose to mock jurors any original, as-produced materials or

information (including, for example, originals or copies of as-produced documents, portions of

deposition testimony that are designated as Protected Material, or interrogatory responses)

7

produced by another Party designated as "CONFIDENTIAL." A Receiving Party making a disclosure to mock jurors under this Paragraph shall use all reasonable efforts to ensure that the identity of the Producing Party whose Discovery Material is being disclosed is not revealed.

## E.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1.     A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL –ATTORNEYS' EYES ONLY" designation: trade secrets, financial data, sales or marketing forecasts or plans, and other non-public information of similar competitive and business sensitivity.

2.     Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

      (a)     The Receiving Party's Outside Counsel;

      (b)     Any expert or consultant, and their necessary support personnel, retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) said expert or consultant has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties to which such notice is required to be given, as set forth in Paragraph G.2 below;

8

(c)     Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this Litigation;

(d)     The Court, jury, and court personnel (under seal or with other suitable precautions determined by the Court);

(e)     Graphics, translation, design, and/or trial consulting services, and electronic discovery vendors, retained by a Party to whom disclosure is reasonably necessary for this Litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

(f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g)     Any other person with the prior written consent of the Producing Party.

3.     A Receiving Party may disclose arguments and materials derived from a Producing Party's Discovery Material designated as "CONFIDENTIAL –ATTORNEYS' EYES ONLY" (e.g., summaries or abstractions) to mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party).  A Receiving Party may not disclose to mock jurors any original, as- produced materials or information (including, for example, originals or copies of as-produced documents, portions of deposition testimony that are designated as Protected Material, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL –ATTORNEYS' EYES ONLY."  A Receiving Party making a disclosure to mock jurors under this sub-Paragraph shall use all

9

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

reasonable efforts to ensure that the identity of the Producing Party whose Discovery Material is being disclosed is not revealed.

4.      As to Protected Material from third parties, absent a court order or agreement of the third party, Protected Material from third parties may not be disclosed to in-house counsel or employees of a Receiving Party.

## F.      DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

1.      To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret Source Code.

2.      Discovery Material designated as "CONFIDENTIAL OUTSIDE – ATTORNEYS' EYES ONLY – SOURCE CODE" may be disclosed only to:

(a)      The Receiving Party's Outside Counsel;

(b)      Any expert or consultant, and their necessary support personnel, retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) said expert or consultant has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties to which such notice is required to be given, as set forth in Paragraph G.2 below;

(c)      Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this Litigation;

10

(d)     The Court, jury, and court personnel (under seal or with other suitable precautions determined by the Court);

(e)     Graphics, translation, design, and/or trial consulting services, and electronic discovery vendors, retained by a Party to whom disclosure is reasonably necessary for this Litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

(f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g)     Any other person with the prior written consent of the Producing Party.

3.     A Receiving Party may disclose arguments and materials derived from a Producing Party's Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (e.g., summaries or abstractions) to mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party).  A Receiving Party may not disclose to mock jurors any original, as- produced materials or information (including, for example, originals or copies of as-produced documents, portions of deposition testimony that are designated as Protected Material, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  A Receiving Party making a disclosure to mock jurors under this sub-Paragraph shall

11

use all reasonable efforts to ensure that the identity of the Producing Party whose Discovery Material is being disclosed is not revealed.

    4.      As to Protected Material from third parties, absent a court order or agreement of the third party, Protected Material from third parties may not be disclosed to in-house counsel or employees of a Receiving Party.

    5.      Any Source Code that is produced shall be made available for inspection in electronic format at an office of the Producing Party's outside counsel to be determined by the Receiving Party, or any other location mutually agreed by the parties.  On reasonable notice of at least two (2) business days, absent exigent circumstances or otherwise agreed to by the Producing Party, source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.  The parties agree to provide access from 6:00 p.m. through midnight local time on weekdays and will meet and confer individually in good faith to provide such access.  Upon reasonable notice, the parties agree to provide reasonable access to secure locations on Saturdays and Sundays and will meet and confer individually in good faith to provide such access.  The Receiving Party is expected and agrees to make reasonable efforts to restrict its access to normal business hours except where necessary to accommodate the work schedules of its source code reviewers.  The Producing Party is expected and agrees to reasonably permit after hours and weekend access to accommodate such circumstances.  Upon written request by the Receiving Party, beginning one week prior to the beginning of trial and continuing through the end of trial, access to the source code must be provided under the same conditions and with the same limitations and restrictions as provided in

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

this Paragraph at the New York office of the Producing Party's outside counsel, or another mutually agreeable location in New York, New York.

      6.     Source code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party and the Receiving Party:

      a.     All designated Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on at least three secured computers without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Source Code Computer shall be equipped with the following software tools: (1) Microsoft Word; (2) vim7; and (3) Microsoft Visual Studio. If the Receiving Party is not in possession of these software tools, installation copies and/or instructions for downloading installation copies shall be furnished by the Receiving Party at the Receiving Party's expense, if any, at least two (2) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Receiving Party may also request additional tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that software tools of their choosing for viewing and searching such Source Code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

with all of the protections herein. The Receiving Party must provide the Producing Party with an installation copy of such licensed software tool(s) at least two (2) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Producing Party shall install such software tools on the Source Code Computer upon request and provision of such tools by the Receiving Party.

   b.  The Producing Party will include on the Source Code Computer the build scripts, compilers, assemblers, and other utilities necessary to rebuild the application from source code, along with instructions for their use.

   c.  The Receiving Party is permitted to use laptop computers to take notes, record observations, etc., so long as the laptop computers are never connected to the stand-alone computer(s) or any network and are not used to record the source code itself. If the laptop computers are capable of wireless networking, such wireless networking capabilities shall be disabled in a conventional manner prior to bringing the laptop computers into the Source Code Review Room. The Receiving Party may have mobile phones in the Source Code Review Room. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. The Receiving Party may create a back-up copy of the source code on the stand-alone computer(s). The searching or analytical tools may annotate, number the lines of, and label the pages of, the backup copy of the code. Any back-up copies will remain on the stand-alone computer(s) and be subject to all of the provisions of this Protective Order. Counsel for the Producing Party is not permitted to review any notes made by the Receiving Party. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise

14

provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

        d.      The Producing Party shall make available a printer with commercially reasonable printing speeds and an adequate paper supply for on-site printing during inspection of the Source Code. The Receiving Party may print hard copies of limited portions of the Source Code that the Producing Party in good faith considers to be necessary to proving the elements of the case, including when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  If the Producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within two (2) business days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The Producing Party bears the burden of moving and persuading the Court for such a resolution. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within two (2)

15

business days of the Receiving Party's request. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

       e.     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. In the event that the Receiving Party inadvertently leaves any items in the room, and the Receiving Party promptly notifies the Producing Party, the Producing Party shall treat the items as confidential and privileged attorney work product and return the items to the Receiving Party without reviewing or making any copies of such items.

       f.     The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party, not including copies attached to court filings or used at depositions.

       g.     At depositions relating to the design, development, function, organization, maintenance, or other aspects of Source Code, the Producing Party shall make available, upon reasonable advance notice, at least two Source Code Computers for access by the deponent and parties at the deposition. All Source Code utilized during a deposition or marked as an exhibit at a deposition shall be retrieved by the party conducting the deposition at the end of each day. At no time shall any Source Code be given to or left with the Court Reporter or any other individual.

16

h.     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or container at all times when it is not in use. The Receiving Party's outside counsel of record may transport its copy of any Source Code to any relevant deposition.

i.     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the pleading shall be filed under seal pursuant to Paragraph **Error! Reference source not found.**9. If a party reasonably believes that it needs to use a portion of Source Code as a demonstrative exhibit or otherwise at a trial or other hearing in this litigation, the parties shall meet and confer as to how to make such a use while protecting the confidentiality of the Source Code.

j.     Notwithstanding the foregoing, the parties may electronically transmit correspondence and other documents (such as pleadings) marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," provided that such correspondence and other documents do not include images of Source Code.

17

### G.   **NOTICE OF DISCLOSURE**

1.      Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

2.      Prior to disclosing any Protected Material to a person required to sign the acknowledgement form annexed hereto as Exhibit A, as described in Paragraphs D.2(c), E.2 (b), or F.2(b) ("Person"), the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name and contact address of the Person; (ii) the present employer and title of the Person; and an up-to-date curriculum vitae of the Person.

3.      Within five (5) calendar days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  Any such objection must set forth in detail the grounds on which it is based.  The objecting Party's consent to a Person shall not be unreasonably withheld.  In the absence of an objection at the end of the five (5) calendar day period, the person shall be deemed approved under this Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this five (5) calendar day period.  If the Producing Party objects to disclosure to the Person within such five (5) calendar day period, the parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the party objecting to the disclosure will have five business (5) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is

18

sought, Protected Materials of the objecting party shall not be disclosed to the Person in question until the objection is resolved by the Court.

4.      For purposes of this Section, "good cause" shall include an objectively reasonable concern that the proposed Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Order.

5.      Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

**H.      CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

1.      A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

2.      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall particularly identify the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a)      The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(b)      Failing agreement, the objecting Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

any Party from arguing for or against any designation, establish any presumption that a particular

designation is valid, or alter the burden of proof that would otherwise apply in a dispute over

discovery or disclosure of information;

(c)     Notwithstanding any challenge to a designation, the Discovery Material in

question shall continue to be treated as designated under this Order until one of the following

occurs:  (a) the Producing Party that designated the Discovery Material in question withdraws

such designation in writing; or (b) the Court rules that the Discovery Material in question is not

entitled to the designation.

## I.     FILING AND USE OF PROTECTED MATERIAL IN COURT

1.     Absent written permission from the Producing Party or a Court order secured after

appropriate notice to all interested persons, a Receiving Party may not file in the public record

any Protected Material.

2.     All transcripts of depositions or portions thereof, exhibits, answers to

interrogatories, responses to request for admissions, and other documents filed with the Court in

this action that are designated as comprising or containing information that is

"CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," or any

pleading or memorandum purporting to reproduce or paraphrase such information, shall be

considered filed under seal until further order of the Court and shall be filed in sealed envelopes

bearing the following information: Attorney's information, case caption, case number, date of

protective order, name of judge who signed the order, the contents listed in the lower left hand

corner, and a statement that the materials are being filed under seal pursuant to this Protective

Order and are not to be made a part of the public record except upon order of the Court.  Any

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

party may, by sending a letter to the Clerk of this Court and including an appropriately labeled envelope, cause to be sealed a previously unsealed filing that contains "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony, answers to interrogatories, admissions and other documents filed in court in this litigation which have been designated, in whole or in part, as "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

3.      Where Protected Material is used at a hearing on a dispositive motion or at trial, it is the burden of the party seeking to use that information to make arrangements with the Court to ensure that Protected Material remains confidential. The Parties shall meet and confer prior to trial to discuss procedures for maintaining the confidentiality of Protected Material during the course of trial.

## J.      **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

1.      Pursuant to Fed. R. Evid. 502(d), if a party produces privileged information, and requests in writing the return of that information, stating with the request the nature of the privilege being asserted, said production will not constitute a waiver of the privilege. Neither party may assert that production of a privileged document by the opposing side is a waiver of the privilege associated with the document. The receiving party shall return the material within five (5) days of receipt of the written request for return of the information.

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

2.     Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

### K.     INADVERTENT FAILURE TO DESIGNATE

1.     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after the Producing Party learns of the inadvertent failure to so designate.

2.     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

3.     Protected Material produced without the designation of "CONFIDENTIAL", CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error.  If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re- labeled with the "CONFIDENTIAL", CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

22

LIBA/2413502.2
LIBA/2413502.3
LIBA/2413502.4

4.      Notwithstanding the above, such subsequent designation of "CONFIDENTIAL",
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE
ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going-forward basis and
shall not have any retroactive effect on anyone who reviewed those "CONFIDENTIAL",
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE
ATTORNEYS' EYES ONLY – SOURCE CODE" materials prior to those materials being
designated as such by the Producing Party.

## L.      TERMINATION OF LITIGATION

1.      After termination of this litigation, the provisions of this Protective Order shall
continue to be binding, except with respect to those documents and information that become a
matter of public record and not due to any unauthorized act or omission or violation of this
Order.

2.      This Court retains and shall have continuing jurisdiction over the parties and
recipients of the Protected Material for enforcement of the provisions of this Protective Order
following termination of this litigation.

3.      Upon final termination of this litigation, any Receiving Party that has received
Protected Material from shall destroy or return the same to the Producing Party.  If the Protected
Material is destroyed, the Receiving Party shall promptly notify the Producing Party of such
destruction in writing.  Nothing herein shall require Outside Counsel for any Party to delete any
electronic copies of materials from backup tapes or other electronic backup storage that is
overwritten in the ordinary course of business.

4.      Notwithstanding the provisions of Paragraph L.3 above, Outside Counsel for a
Receiving Party or Receiving Parties to this litigation may retain a copy of any pleading,

23

transcript (for each deposition, hearing, and trial), discovery responses, and any exhibits thereto, and attorney work product, regardless of whether it includes or details Protected Material. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Materials or any protectable information contained therein. Any documents or things retained by Outside Counsel pursuant to this provision shall remain subject to this Order.

**M.     USE OF PROTECTED MATERIAL**

1.      Protected Material, and the substance or content thereof, including any notes, memoranda, or other documents incorporating, reflecting, or summarizing such information, or any other information that might reveal such protected information, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom. Such information may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution or patent procurement or acquisition advice. In particular, such information shall not be used for drafting, filing, or prosecuting new or currently pending patent applications, or for re-examination and/or reissues on behalf of a Party to this litigation.

2.      In the event any person subject to the terms of this Order is served with a subpoena or request for production of Protected Material, it will give sufficient notice in writing of no less than two (2) weeks to the Producing Party to allow the Producing Party a reasonable opportunity to intervene to oppose or limit such production. In no event shall the person receiving the subpoena or other process produce Protected Material of any Producing Party in response to the subpoena or other process unless and until such person or party has: (i) received

24

written authorization from counsel for the Producing Party to produce said Protected Material; or (ii) been ordered to do so by a court of competent jurisdiction.

3.       Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

**N.       COPIES AND TRANSLATIONS**

1.       Copies and extracts of "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" information may be made by or for persons qualified to see such Designated Material or by a vendor retained for that purpose, provided that all copies and extracts are appropriately marked.  All copies and extracts are subject to this Order.

2.       Translations of documents marked "CONFIDENTIAL," ~~or~~ "CONFIDENTIAL— ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be appropriately marked.  Translations may include the bates number of the original document provided that the translation is also marked "TRANSLATION."

**O.       MISCELLANEOUS**

1.       <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future, to seek access to a Producing Party's Protected Material, or to apply to the Court at any time for additional protection.  Furthermore, without application to this Court, any Producing Party may enter into a written agreement releasing any Receiving Party from one or more requirements of this Order, even if the conduct subject to the release would otherwise violate the terms herein.

25

2.    <u>Successors</u>.  This Order shall be binding upon the Parties hereto and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

3.    <u>Nonparty Use of This Protective Order</u>.  A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Material pursuant to the terms of this Protective Order.  A nonparty's use of the Protective Order to protect its Protected Material does not entitle that nonparty access to the Protected Material produced by any Producing Party in this case.  If the discovery process calls for the production of information by a Party, the disclosure of which the potential Producing Party in good faith believes would breach an express or implied agreement with a nonparty to maintain such information in confidence, the potential Producing Party shall give written notice to the nonparty that the nonparty's information is the subject of a discovery request in the above-captioned action, and shall provide the nonparty with a copy of this Order. Should the nonparty object to production of the information, the potential Producing Party shall timely inform the potential Receiving Party of that objection.  If the nonparty moves for a protective order, then there shall be no disclosure until the Court rules on such a motion, and then only in accordance with such ruling.  If the nonparty objects in writing within fourteen (14) days but does not move for a protective order, then there shall be no disclosure until the Receiving Party moves to compel the production of such information and such motion is granted, and then only in accordance with such ruling.

4.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any

26

information or item.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.  This Order shall not constitute a waiver of the right of any party to claim in this Litigation or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.  Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

5.       This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

6.       <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice, or upon motion of a party for good cause shown.

GOODWIN PROCTER LLP

By: /s/ Peter J. Wied _____
Peter J. Wied (*pro hac vice*)
601 S Figueroa St., 41st Floor
Los Angeles, California  90017
Tel.: (213)426-2500
Fax.: (213) 623-1673

Counsel for Plaintiff HON HAI PRECISION
INDUSTRIES, CO., LTD.

KILPATRICK TOWNSEND &
STOCKTON LLP

By: /s/ David E. Sipiora _____
David E. Sipiora
1400 Wewatta Street, Suite 600|
Denver, CO 80202
Tel.: (303) 571-4000
Fax.: (303) 571-4321

Counsel for Defendant WI-LAN INC.

27

SO ORDERED:

_____

SHIRA A. SCHEINDLIN
United States District Judge

8/1/13

28

## EXHIBIT A

I,_____, acknowledge and declare that I have

received a copy of the Protective Order ("Order") in Hon Hai Precision Industry Co. Ltd. v. Wi-

LAN International Taiwan Inc., Case No. 1:12-cv-07900-SAS. Having read and understood the

terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction

of the United States District Court for the Southern District of New York for the purpose of any

proceeding to enforce the terms of the Order, including any proceedings related to contempt.

In accordance with Section G of the Order (if applicable) I have attached my resume,

curriculum vitae, and the other information required under Section G to this executed

Confidentiality Agreement.


Name of Individual:_____

Present occupation/job description:_____

_____

_____

Name of Company or Firm:_____

Address:_____

Date:_____

Signature:_____