

**KILPATRICK TOWNSEND & STOCKTON LLP**
www.kilpatricktownsend.com

1400 Wewatta Street, Suite 600
Denver, CO 80202-5556
T 303.571.4000   F 303.571.4321

**David E. Sipiora**
DSipiora@kilpatricktownsend.com

November 15, 2013

**VIA ECF**
The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

>    Re:   *Hon Hai Precision Industry Co., Ltd. v. Wi-LAN Inc.*,
>          **Case No. 12-cv-7900-SAS (S.D.N.Y.)**

Dear Judge Scheindlin:

   Pursuant to Rule V.B.2 of Your Honor's Individual Practices, Defendant Wi-LAN Inc. ("Wi-LAN") requests the Court's assistance in resolving a discovery dispute. Plaintiff Hon Hai Precision Industry Co., Ltd. ("Hon Hai") has refused to timely provide certain highly relevant information concerning the products at issue in this case. Accordingly, Wi-LAN requests that the Court order Hon Hai to produce Rule 30(b)(6) deposition witnesses prior to the mediation scheduled with Magistrate Judge Maas on December 19, 2013.

   This case concerns a license agreement between Wi-LAN and Hon Hai, and in particular whether Hon Hai owes royalties under the agreement. In order to determine whether Hon Hai's products fall within the scope of the license agreement, it is necessary to analyze certain technical information related to the operation and functionality of the products, including information which, according to Hon Hai, is in the possession of third parties. In addition, the license agreement relates to compliance with industry standards and FCC regulations, and thus Hon Hai's compliance with these standards and regulations is highly relevant to the claims and defenses in this case.

   Consistent with the Court's Scheduling Order, Wi-LAN served interrogatories and document requests on August 15, 2013. On September 19, 2013, Hon Hai served written responses but refused to answer several interrogatories pursuant to Local Civil Rule 33.3. The interrogatories Hon Hai refused to answer relate to (1) the operation and functionality of Hon Hai's products; (2) the sales of Hon Hai's products; (3) the manufacture, use, sale, offer to sell,

importation, and exportation of Hon Hai's products; (4) Hon Hai's corporate structure; (5) the negotiation of the license agreement between Wi-LAN and Hon Hai; (6) Hon Hai's compliance with industry standards and FCC regulations; and (7) the components of Hon Hai's products provided by third parties.

The parties exchanged correspondence concerning Hon Hai's refusal to respond to Wi-LAN's interrogatories. Hon Hai maintained its refusal based on its contention that Wi-LAN had not attempted to obtain the requested information via document requests or depositions. Accordingly, on October 25, 2013, Wi-LAN served Hon Hai with a deposition notice pursuant to Rule 30(b)(6), noticing the depositions for the week of November 12, 2013. On October 30, 2013, Hon Hai informed Wi-LAN that it would not produce witnesses on the noticed date, and instead suggested that depositions of both parties be conducted in January 2014. Hon Hai has not served formal written objections to Wi-LAN's deposition notice.

On November 6, 2013, the parties met and conferred by telephone. Wi-LAN's counsel explained that Hon Hai's depositions would need to proceed sooner than January 2014, and certainly before the mediation on December 19, 2013. Wi-LAN's counsel explained that earlier depositions were necessary for several reasons.

First, although Hon Hai has produced some technical documentation, it is not apparent from the documents themselves how the documents relate to Hon Hai's products. Deposition testimony is necessary to match the technical documents to Hon Hai's products and determine how the products function and operate.

Second, because Hon Hai has represented that relevant information may be in the possession of third parties (including foreign entities), Wi-LAN may need to issue subpoenas to these third parties. Hon Hai's depositions are necessary to obtain the necessary information to determine which third parties must be subpoenaed, as well as the scope of these subpoenas. Third-party discovery is often a lengthy and difficult process, and thus Wi-LAN must obtain the information necessary for these subpoenas as quickly as possible.

Finally, a deposition is necessary to assess the completeness of Hon Hai's document production. For example, several third parties identified by Hon Hai in its Initial Disclosures are not mentioned in its document production. Further, Hon Hai has not produced any internal communications in response to Wi-LAN's document requests. Deposition testimony is necessary to confirm that all responsive documents have been produced.

Despite Wi-LAN's requests, Hon Hai has failed to confirm that its witnesses will be available prior to the mediation. Should Hon Hai be permitted to refuse to produce its witnesses until January, Wi-LAN will be severely prejudiced in its ability to prepare its case prior to the February 2014 cutoff for depositions related to the license agreement. The Court indicated at the Scheduling Conference that summary judgment motions may be entertained following this cutoff. Hence, this lack of discovery will be highly prejudicial to Wi-LAN.


Accordingly, Wi-LAN respectfully requests that the Court order Hon Hai to provide the information requested by Wi-LAN's discovery requests in a timely manner.  Specifically, Wi-LAN respectfully requests that the Court order Hon Hai to produce its Rule 30(b)(6) deposition witnesses no later than December 11, 2013.

    Respectfully submitted,

    */s/ David E. Sipiora*

    _____
    David E. Sipiora

cc    All counsel of record via ECF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule 5.2 via the Court's CM/ECF system on November 15, 2013, and, as such, was served on all counsel of record.

/s/ Matthew C. Holohan

Matthew C. Holohan

65842610v1