# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                :

HON HAI PRECISION INDUSTRY CO.,   :
LTD.,                                   :

                    Plaintiff,         :              1:12-cv-07900-SAS
                                     :

        v.                          :             ECF Case
                                     :

Wi-LAN Inc.,                           :          **JURY TRIAL DEMANDED**
                                   :

                  Defendant.      :

-----------------------------------------------------------X

## ANSWER TO DEFENDANT WI-LAN INC.'S AMENDED COUNTERCLAIMS

Plaintiff Hon Hai Precision Industry Co., Ltd. ("Hon Hai") by and through its attorneys, answers the counterclaims of Wi-LAN Inc. ("Wi-LAN") as follows:

Hon Hai denies each and every allegation in Wi-LAN's Counterclaims that is not specifically admitted herein.

1. Hon Hai realleges and incorporates by reference Paragraphs 1-3 of Hon Hai's First Amended Complaint for Declaratory Judgment.

## THE PARTIES

2. Upon information and belief, Hon Hai admits the allegations of Paragraph 2.

3. Hon Hai admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Hon Hai admits the allegations of Paragraph 4.

5. Hon Hai admits it is subject to personal jurisdiction in this Court for the purposes of this litigation only.

6. Hon Hai admits the allegations of Paragraph 6.

7.  Hon Hai lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies each and every allegation.

## **BACKGROUND**

8.  Hon Hai admits that the '402 Patent was issued on October 27, 1998 to Tim Collings.  Hon Hai denies the allegation that the '402 Patent was duly issued.

9.  Hon Hai admits that Wi-LAN purports to be the owner by assignment of all legal rights, title, and interests in and to the '402 Patent.

10. Hon Hai admits the allegations of Paragraph 10.

11. Hon Hai admits that it entered into an agreement with Wi-LAN V-Chip Corporation on January 22, 2008 and that the agreement concerned "V-Chip Receivers." Hon Hai denies the remaining allegations to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

12. Hon Hai admits the allegations of Paragraph 12.

13. Hon Hai denies the allegations of Paragraph 13 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

14. Hon Hai denies the allegations of Paragraph 14 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

15. Hon Hai denies the allegations of Paragraph 15 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

16. Hon Hai denies the allegations of Paragraph 16 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

17. Hon Hai denies the allegations of Paragraph 17 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

18. Hon Hai denies the allegations of Paragraph 18 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

19. Hon Hai denies the allegations of Paragraph 19 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

20. Hon Hai denies the allegations of Paragraph 20.

21. Hon Hai admits the allegations of Paragraph 21.

## <u>COUNTERCLAIM I</u>

(Declaratory Judgment of Validity of U.S. Patent No. 5,828,402)

22. Hon Hai hereby incorporates by reference and realleges each and every answer and allegation of Paragraphs 1 through 21 above.

23. Hon Hai admits there is an actual controversy between Hon Hai and Wi-LAN as to whether the '402 Patent is valid.  Hon Hai denies the remaining allegations of Paragraph 23.

24. Hon Hai denies the allegations of Paragraph 24.

25. Hon Hai denies that Wi-LAN is entitled to the requested relief.

## COUNTERCLAIM II

### (Breach of Contract)

26. Hon Hai hereby reincorporates by reference and realleges each and every answer and allegation of Paragraphs 1 through 25 above.

27. Hon Hai admits there is an actual controversy between Hon Hai and Wi-LAN as to whether Hon Hai has breached the V-Chip agreement. Hon Hai denies the remaining allegations of Paragraph 27.

28. Hon Hai denies the allegations of Paragraph 28 to the extent that they are an incomplete or inaccurate summary of the V-Chip Agreement, which is the best evidence of its contents.

29. Hon Hai lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies each and every allegation.

30. Hon Hai denies the allegations of Paragraph 30.

31. Hon Hai denies the allegations of Paragraph 31.

## PRAYER FOR RELIEF

WHEREFORE, Hon Hai respectfully requests that judgment be entered in favor of Hon Hai and against Wi-LAN, and requests the following relief:

A.  Dismissal of Wi-LAN's Counterclaims with prejudice and denial of any relief prayed for therein;

B.  Awarding Hon Hai such other and further relief as the Court deems just and proper.

## JURY DEMAND

Hon Hai demands a trial by jury on all issues so triable.

Dated:   New York, New York

November 27, 2013

Respectfully submitted,

Plaintiff

By its attorney,

/s/ Peter J. Wied
Peter J. Wied (pro hac vice)
Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California  90017
Tel.:  213.426.2500
Fax.:  213.623.1673

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

document was filed electronically in compliance with Local Rule 5.2 via the Court's

CM/ECF system on November 27, 2013, and, as such, was served on all counsel of record.


  /s/ Peter J. Wied